*Where an infant bargains and sells land to A., and after coming of age, bargains and sells the same land to B., this is a revocation of the former grant, admitting that the first deed was voidable only, and not void.*
*A person having conveyed land when an infant, may avoid his grant by the same solemnity with which he made it, as if it were a feoffment with livery, by a subsequent feoffment and livery; if a bargain and sale, by a subsequent bargain and sale.*
*Notice to the subsequent grantee, before the execution of the conveyance, of a prior grant made by the grantor when an infant, does not render his deed fraudulent and void; and if the prior grantee never was in possession, it is not an act of maintenance.*
*Where an infant conveys land, a bare admission of that fact by him, when he arrives of full age, is not an affirmance of his act.*

JACKSON, *ex dem.* BRAYTON AND DUNHAM, *against* BURCHIN.

THIS was an action of ejectement for lot No. 37., in the town of *Manlius*, in the county of *Onondaga*, which was tried before Mr. Justice *Yates*, at the *Onondaga* circuit, in *June*, 1816.

The plaintiff gave in evidence letters patent, dated the 8th of *July*, 1790, by which the lot in question was granted to *Thomas Featherly*, for his services in the revolutionary war, and he, by deed dated the 16th of *April*, 1795, and acknowledged, first before a judge of the common pleas of the county of *Herkimer*, and, afterwards, before a judge of the common pleas of the county of *Onondaga*, for the consideration of 30*l.*, conveyed the same to the lessors of the plaintiff. The defendant claimed under a prior deed from *Featherly* to *Charles Newkirk*, dated the 28th of *January*, 1784, and duly filed, by which, for the consideration of 7*l.*, he granted to *Newkirk* the gratuity or bounty lands, to which he then was, or should or might be, entitled on account of his services in the war: this deed contained a covenant for farther assurances, and a power of attorney to third persons, to convey the land to *Newkirk* when a patent should be obtained: but it was proved that *Featherly*, at the time of executing the last mentioned deed, was between 19 and 20 years of age.

*Featherly* was produced as a witness on the part of the defendant, who offered to prove that the witness, before executing the deed to the lessors of the plaintiff, and after he came of age, had refused to sell the land to other persons, because he had already sold it to *Newkirk*, but the evidence was overruled. The witness then testified that *Brayton*, one of the lessors, called at his house, and asked him if he had been a soldier and was entitled to land; that the witness replied that he had sold his soldier's land to *Newkirk* for 7*l.*; that *Brayton* offered to indemnify the witness, if he would sell him the land, and that the witness told *Brayton*, that he understood that he was under age at the time the deed to *Newkirk* was given, and that it was void; the witness then went to *Brayton's* house, where the deed to the lessors was executed, and a bond

given for the consideration; that the lessors afterwards gave the witness a covenant to indemify him against *Newkirk.* Another witness, on the part of the defendant, testified that he had heard *Brayton* say, that he had notice of the deed to *New-kirk,* either (the witness was not certain which) at the time *Featherly* executed the deed to the lessors, or at the time of his acknowledging it. Declarations of *Featherly*, at the time of the execution and second acknowledgment of the deed to the lessors, contradictory to his statement on his examination, were given in evidence by the plaintiff. At the time the deed was given to the lessors of the plaintiff, the land was wild and unoccupied, and the first improvements were made in 1806. A witness stated that, on the night before the trial, *Brayton* had said that *Dunham*, the other lessor, was dead, and that one *Foot* was present at the time, but *Foot*, on being sworn, denied that he had ever heard *Brayton*, or any other person, say that *Dunham* was dead.

The judge charged the jury, that in order to give effect to the deed to the lessors of the plaintiff, it was not necessary that the grantor should have before done any act showing his dissent to the deed to *Newkirk* , and that notice to the lessors of the deed to *Newkirk*, at the time it was last acknowledged, and before they had paid the consideration, could not render it fraudulent and void. The judge further charged the jury, that it was their peculiar province to pass upon the credit of witnesses, and he left it to them to say if the witness, *Featherly*, was to be believed; and that if they believed that *Featherly*, when *Brayton* first called on him, told him he had sold his land to *Newkirk*, then they ought to find a verdict for the defendant; otherwise, they should find for the plaintiff. The jury found a verdict for the plaintiff.

The case was submitted to the court without argument.

SPENCER, J., delivered the opinion of the court. The defendant's counsel have stated, on the case, several points, which, they insist, must prevent the plaintiff's recovery:

1. That the execution of the second deed was an act of maintenance in *Featherly*, unless the first deed had been previously avoided.

2. That no one but the infant himself, or his representatives, privies in blood, can avoid a conveyance made by an infant.

3. That the judge overruled legal evidence of affirmance of the first deed by *Featherly*, after he came of age.

4. That the lessors of the plaintiff had notice of the deed to *Newkirk*, before their deed was consummated, which rendered the latter deed fraudulent as to *Newkirk* and those claiming under him.

5. The plaintiff was entitled to recover a moiety only, one of the lessors being dead at the time of the demise; and,

Lastly, that the statute of limitations barred the recovery.

The case of *Jackson* v. *Carpenter* (11 *Johns. Rep.* 539.) disposes of several of these points.    The facts in that case are very similar to the present; there the first deed was executed by the patentee, a soldier in the revolutionary war, in 1784, when he was about nineteen years of age, and the deed to the then lessors was executed in 1796.    The deeds in that case, as well as this, enured as deeds of bargain and sale.    There had been no entry by the infant after he became of age, to avoid the first deed; and the court held that an entry was not necessary, but that the second deed was an act of sufficient solemnity and notoriety to avoid an antecedent deed of bargain and sale, and that the second deed had not only the effect of avoiding the first, but also of conveying the lands to the grantees.

The ancient law in requiring the entry of an infant, after he became of age, to avoid a feoffment, (4 *Cruise's Dig.* 107. s. 29.,) was, undoubtedly, on the principle that it operated on the possession, without any regard to the estate or interest of the feoffor, and that nothing was wanting to make the feoffment good and valid, but possession, which the livery of seisin conferred.    Thus it was held, that if an infant made a feoffment, and gave livery of seisin in person, his deed was not void, but voidable; for there must be some act of notoriety to restore the possession equal to that by which he transferred it.    (4 *Cruise's Dig.* 106. s. 23.)

In the present case, the deed under which the defendant claims, operated as a deed of bargain and sale.    The bargainor, for the consideration of seven pounds, bargained and sold the land to the bargainee, and became, *eo instanti*, a trustee for, and seized to the use of, the bargainee, and then the statute of uses vested the estate; the bargain first vesting the use, and the statute vesting the possession.    And it may well be doubted whether an infant can execute a valid deed, by that species of

conveyance. (4 *Cruise's Dig.* 226. s. 42.) Admitting, however, that the deed is not void, but voidable, it would seem, not only on principle, but authority, that the infant can manifest his dissent in the same way and manner by which he first assented to convey. If he has given livery of seisin, he must do an act of equal notoriety to disaffirm the first act; he must enter on the land, and make known his dissent. If he has conveyed by bargain and sale, then a second deed of bargain and sale will be equally solemn and notorious, in disaffirmance of the first. The law does not require idle and non-essential ceremonies; and it would be idle to require an entry on the premises, in 1795, when not only this lot, but the whole country in which it was situated, was almost a wilderness.

The second deed to the lessors was neither an act of mainte·nance, nor of fraud, admitting that they knew of the deed to *Newkirk*. If they knew of that deed, and the circumstances under which it was executed, they knew also that *Featherly* was not bound by it, and that he was competent to revoke it, and give another deed. I will not say that it might not have been an act of maintenance, had *Newkirk* been in possession of the lot, claiming and holding under that deed; but he was not. *Perkins* (s. 12.) states the law to be that "all gifts, grants, or deeds, made by infants, by matter in deed or writing, which do take effect by delivery of his hand, are voidable by himself, his heirs, and by those who have his estate;" and Lord *Mansfield*, (3 *Burr.* 1804,) says this is the true rule; and *Shepherd*, in his *Touchstone*, (233.) lays down the same rule; thus admitting, with respect to voidable deeds, that a privy in estate may avoid an infant's deed.

I perceive no evidence of the affirmance of the first deed by the infant, after he came of age.

There was proof of the death of one of the lessors, and there was also proof contradicting that evidence. The defendant did not make this a point at the time, and the verdict of the jury is general; the plaintiff ought not now to be restricted in his verdict.

It is an entire mistake to suppose the plaintiff barred by the statute of limitations. The defendant's possession had not been for more than nine years prior to the trial.

Judgment for the plaintiff.