Chief Justice Robertson
delivered the Opinion of the Court.
To a scire facias for reviving a judgment of eviction, which had been obtained by Drake’s heirs, against Low-ry, the latter pleaded, that the judgment had been entered in consequence of an agreement (and which was a part of the judgment,) that, if he should, within thirty days, pay in the clerk’s office, to be received by the lessors, one hundred and eighty five dollars, with interest thereon from the 34th day of September, 1808, in lawful money of the United States, the judgment should be void ; and that, if he failed to make such payment, he relinquished all claim to the land, and consented that an habere facias might be issued after the expiration of the thirty days; and averred that, within the thirty days, he did deposite with the clerk of the court, according to his undertaking, the sum of one hundred and eighty five dollars, with interest thereon from the 24th of September, 1808; whereby the judgment was satisfied and rendered void.
The iessors replied, that'they were infants at the time of making the agreement set forth in the plea.
The circuit Judge having overruled a demurrer to the replication, because he considered the plea insufficient, Low-ry rejoined, and took issue on the infancy; which was found against him by the jury. Whereupon judgment ior execution, was rendered : to-reverse which judgment, this writ of error-is prosecuted.
The issue was immaterial. Whether the agreement be a part of the judgment, or the judgment be only a consequence of the agreement arid distinct from it, the infancy of any of the parties, was insufficient to invalidate the condition on which the judgment was permitted *47 to be entered, or to entitle the infants to the benefit o a judgment unaffected by the condition. And when they ask for another judgment reviving the conventional judgment, the fact that the agreement on which the latter judgment was founded, had been fulfilled,would be sufficient to bar all right, to a judgment for execution. If they could renounce the agreement, the court will not, in the event of their doing so, give them another judgment, for enforcing that which they obtained by making the agreement.
A party cannot disaffirm an agreement, made while he was an infimt, that a judgment, with a condition, should be rendered in his favor and have the benefit of the judgment, without the con dition.
If the plea be bad, and an immaterial issue be formed on the subsequent pleadings, and found for plaintiff, the judgment will stand; for the defendant, having com mitted the first fault, cannot take advantage of the immaterial issue.
Pleas are to he taken according to the common understanding of the terms used. — Plea averring an agree ment that deft should ‘ pay in the clerk’s office, to be received by the lessors,’ Sfc. and then averring,he did deposit (the sum) with the clerk, according to his undertaking, (without saying Tor the plaintiff,) is sufficiently certain.
*47 But if the plea be insufficient, the immateriality of the issue cannot affect the judgment; for it is well settled that the party first in fault shall not take advantage of the immateriality of an issue superinduced by his own blunder. And therefore, though the rejoinder may have waived the demurrer, we will consider the plea as well as the replication.
The only objection which has been made in this court, to the plea, is, that it does not expressly aver that the money was deposited with the clerk for the defendants in error. But it seems to us that the averment that the monev was deposited with the clerk by Lowry, “ according to his undertaking,” should be understood ás meaning that it was deposited for the defendants. “ His undertaking ” means his part of the agreement, which was described in the plea ; and that undertaking, (as described in the plea.) was to pay the stipulated sum in the clerk’s office, for the use of the defendants. As the purpose or mode of the alleged deposite is a matter of fact, and not of law, it was not necessary to aver the payment to the clerk in the language of the agreement, or to aver specifically that the money was deposited for the defendants. Any form of averment which, by a rational interpretation, must import a deposite for their use, is sufficient. If Lowry did deposite the money “ according to his undertaking,” he made the deposite to the use-of the defendants.
The plea does not aver that the money was paid in the clerk's office : and it may, therefore, be possible that it was handed to the clerk, not only out of his office, but out of the State, so that the defendants did not, and could *48 not, get it: but such a deduction is too remote and un* reasonable to be indulged when substance, and not form —common sense, and not artiiical rule — are the tests to which pleading, and the language of pleading, are to be subjected. The payment was to be made to the clerk, because he was an officer of the court ; and whether it was made within the walls of the clerk’s office, or at his private dwelling, could not be material. And, even had it been indispensable that the deposite should have been made in the cleric’s office, the averment imports that if was so made.
Wherefore, as the issue is immaterial, and the plea is substantially good, the judgment of the circuit court must be reversed, and the cause remanded fora repleader, and such further proceedings as shall be consistent with this opinion.