# DENTON vs. BROWNLEE, HOMER & Co.

There can be no suspension of the statute of limitations under the 3d and 7th sections of the act approved 31st May, 1864, (*Acts of* 1864–5, *p,* 45,) if the act is constitutional, unless it is shown that the party belonged to that class of persons as to whom the collection of debts was suspended.

The case of *Bennett ad. vs. Worthington, ante,* approved.

The provision of the 32d section of the limitation act (*Gould's Dig., ch.,* 106,) does not give the plaintiff the benefit of the exception where the improper act of the defendant is done after the cause of action has accrued—the disability of

the plaintiff to sue in consequence of the act of the defendant, must exist at the time the cause of action accrues.

The issue to a replication setting up matter insufficient to avoid a good plea, is immaterial, and the judgment rendered thereon erroneous.

*Appeal from Carroll Circuit Court.*

STILLWELL & WASSELL, for appellant.

GREGG for appellees.

Mr. Justice COMPTON delivered the opinion of the court.

This was an action of debt brought by Brownlee, Homer & Co., against Denton on a promissory note for $505.86, due and payable on the 30th September, 1860.

The defendant pleaded, 1st. That the cause of action did not accrue within five years next before the commencement of the suit; and 2d, That after the making of the promissory note, the plaintiffs aided and abetted the so-called Confederate States in the late rebellion, giving money, arms and subsistence to the insurgents. This latter plea was stricken out, and properly so, as is conceded by the counsel for the appellant; leaving as the only defence to the action, the plea of the statute of limitations, to which the plaintiffs filed five replications.

The first replication alleges " that the promissory note sued on was made prior to the 1st day of January, 1864." The object of this replication was to bring the defendant within the provisions of an act of the legislature, approved 3d May, 1864. The act provides that no suit "for the collection of debts contracted by persons now in the military service of the United States, or of the state of Arkansas, prior to the 1st day of January, 1864, shall be brought in any court of this state so long as said persons are in said military service:" and it further provides " that the statute of limitations shall not take effect against debts, the collection of which is suspended by this act." (*Acts* 1864–5, *p.* 45, *secs.* 3, 7.) Waiving the question as to whether the provisions of the act above quoted, are constitutional or not, it is sufficient to

remark that the replication does not aver that the defendant belonged to that class of persons as to whom the collection of debts was suspended. Unless he was of that class, there could be, as to debts against him, no suspension of the statute of limitations. The court therefore erred in overruling the defendant's demurrer to this replication.

The second replication alleges that, after the accrual of the cause of action, the ordinary course of judicial proceeding was so interrupted, by reason of the late civil war, that suit could not be commenced against the defendant, and that the plaintiffs commenced their suit within five years next after the accrual of said cause of action—the time during which judicial proceedings were so interrupted not being deemed and taken as any part of said period of five years. This replication is substantially the same as that in the case of *Bennett adr. vs. Worthington*, decided at the last term of this court, where it was held that the replication was no answer to the defendant's plea. Hence there was error in overruling the demurrer to this replication.

The third replication having been held bad on demurrer, no question arising upon it, is presented for the consideration of this court.

On the fourth and fifth replications issues were made up and submitted to the jury, who found for the plaintiffs, and judgment was rendered accordingly, for the debt and damages, with costs of suit, to reverse which the defendant appealed. Upon this state of case it remains to be determined—first, whether the fourth and fifth replications were defective; and, second, if defective, whether the defect is cured by the verdict.

The fourth replication alleges that, after the accrual of the cause of action, the defendant, on to wit: the 6th day of May, 1861, by an [improper act of his own, to wit: by engaging with divers other persons in rebellion and war against the lawful authority and government of the United States, and of the state of Arkansas, for a long space of time, to wit: until the 18th day of April, 1864, prevented the commencement of the plaintiffs'

action, and that the plaintiffs brought their said action within the time limited by law for bringing the same after the commencement thereof ceased to be so prevented. This replication involves a construction of the 32d section of the limitation act (*Gould's Dig.*, *chap.* 106,) which provides that, " if any person, by leaving the county, absconding or concealing himself, or any other improper act of his own, prevent the commencement of any action in this act specified, such action may be commenced within the times respectively limited, after the commencement of such action shall have ceased to be so prevented." Without discussing other objections that might be taken to the replication, it may be observed that the section of the act on which it is based, contains no express provision to the effect that the plaintiff shall have the benefit of the exception where the improper act of the defendant is done *after* the right of action has accrued, nor is such provision apparent by necessary implication. If, instead of allowing the plaintiff the full period of limitation, in which to sue, after the hindrances indicated have ceased to exist, it had been provided that the space of time during which such suit could not be brought, should not be taken as part of the time limited for the commencement of the action, as is provided by the 30th section of the same act, in cases where the suit is stayed by injunction, it might be inferred that it was the intention of the legislature to allow the plaintiff to take advantage of the exception, though the wrongful act of the defendant was done after the accrual of the right of action. As a general rule, when the statute of limitations once begins to run, it continues to do so until the bar is complete, unless provision is otherwise made, and the section under consideration makes no such provision. It merely provides for a disability in the plaintiff, arising from the act of the defendant, and we think the disability must exist at the time the cause of action accrues: indeed this conclusion would seem to be unavoidable, in view of the 31st section of the statute, which enacts that no person shall avail himself of any disability in the act mentioned unless the disability existed at the time the right

of action accrued. We are aware that a different view seems to be intimated in *Peters vs. Harris*, 6 *Eng.*, 294, but in that case, the replications did not raise, nor did the court decide the question now presented. The replication in this case expressly avers that the act of the defendant, which it is alleged prevented the commencement of suit, was done *after* the accrual of the cause of action, and for this reason we hold it insufficient.

The fifth replication is, in substance, the same as the second, and upon the authority of *Bennett adr. vs. Worthington, supra*, is no answer to the plea.

The fourth and fifth replications being defective, the only remaining question is whether the defect is cured by the verdict. In *Hughes vs. Sloan*, 3 *Eng.*, 146, this court adopting the language of Mr. Chitty in his work on pleading, lays down the general rule to be that " When there is any defect, imperfection or omission in pleading, whether in substance or form, which would have been a fatal objection upon demurrer; yet if the issue proved to be such as necessarily required, on the trial, proof of the facts, so defectively or imperfectly stated, or omitted, and without which it is not to be presumed that the judge would have directed the jury to give, or the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict." Applying this rule to the replications in the case before us, it is manifest that they are not cured by the verdict. The replications do not contain a defective statement of matter which, if properly stated, would have been good in avoidance of the plea, but the matter set up is, itself, insufficient. The issues formed were, therefore, immaterial, and the judgment rendered thereon erroneous. *Hughes vs. Sloan*, 3 *Eng.*, 146; *Lowry vs. Drake's heirs*, 1 *Dana*, 46.

Let the judgment be reversed and the cause remanded with leave to the plaintiffs to reply *de novo* to the defendant's plea, if they shall desire to do so.