LAW ET AL. *v.* LONG ET UX.

CONVEYANCE.—*Married Woman.—Minor.—Statute Construed.*—Under section 41 of chapter 28 of Revised Statutes 1843, p. 421, a married woman under the age of eighteen years could not, either with or without the consent of her father or guardian, release or relinquish her dower in the lands of her husband by him sold and conveyed.

SAME.—*Deed of Minor Voidable and Not Void.*—The deed of a minor, conveying his land for a valuable consideration is voidable, and not void, and the right to avoid it on coming of age is a personal privilege to the minor and his heirs.

SAME.—*Married Woman.—Right of Dower.*—The joinder of a married woman,

Law *et al. v.* Long *et ux.*

who is also a minor, in the execution of a deed conveying the lands of her husband, not being void but voidable merely, operates to relinquish her right of dower, subject to her right of election, on arriving at full age, either to affirm or disaffirm her deed.

SAME.—*Disaffirmance of Deed.*—Where the act of an infant is executed, as where a deed is made and delivered, the infant must, on attaining full age, do some act to disaffirm the contract.

SAME.—*Disaffirmance of Deed.—Action for Assignment of Dower.*—Where an infant *feme covert* has joined in a deed with her husband, conveying his real estate, she cannot maintain an action to obtain an assignment of dower in. the real estate so conveyed, unless her deed has been disaffirmed in some mode known to the law, before the commencement of the action.

DOWER.—*Proceeding for Assignment of Dower.—Demand.*—A proceeding for the assignment of dower under the Revised Statutes of 1843 cannot be maintained, unless it is alleged and proved that there has been a demand made for the dower before the commencement of the action.

INFANT.—*Married Woman.—Action to Avoid Deed.—Tender.*—An action may be brought to avoid a deed made by an infant *feme covert*, without paying or tendering back the purchase-money for the premises in dispute.

DOWER.—*Action for Assignment of.—Purchaser.*—The plea of *bona fide* purchaser for value is no defence, even in a court of equity, against a legal claim for dower.

APPEAL from the Shelby Circuit Court.

BUSKIRK, J.—This was an action by the appellees, as husband and wife, against the appellants, to obtain an assignment of dower to the female plaintiff, in certain described real estate.

The complaint was in two paragraphs. The substantial averments in the first paragraph were as follows:

"That on the 6th day of January, 1848, the plaintiff Nancy was married to Abraham Hill; that her said husband wrongfully obtained the possession of her money and property, and without her consent invested the same in the purchase of the real estate in controversy; that by mistake and without her consent, the deed was made to Abraham Hill, when it was agreed between her and her husband that the land should be conveyed to her; that on the 5th day of September, 1851, she and her said husband, for a valuable consideration, conveyed said land to the defendant Joel Law; that at the time of said conveyance she was a minor, and was not of age until the 11th day of December, 1854, being at such

time under eighteen years of age; that she made said deed under duress and compulsion of her said husband; that Law, at the time of making said deed, knew that she was an infant, under eighteen years of age, that she was the owner of said real estate, and that she acted under duress and compulsion; that in 1867, Law conveyed to the defendant Scott twenty acres, and to defendant Kendall sixty acres, of said land; that said Scott and Kendall purchased with full notice of her rights and the facts hereinbefore stated; that Abraham Hill, her husband, died in Shelby county, Indiana, in October, 1852; that on the 30th day of August, 1853, she was married to Nicholas Wheeler; that Wheeler died in April, 1864; that in September, 1868, she was married to her co-plaintiff, George W. Long. The prayer was, that such deeds should be set aside and held for naught; that her title to the said premises be quieted and for general relief."

The second paragraph was the same as the first, except there is no averment that said real estate was purchased with her separate means, and except there was an averment that on the 11th day of December, 1854, she demanded her dower of Law, who refused.

The prayer of this paragraph of the complaint was, that dower should be assigned to her, and for judgment for two thousand dollars, and for general relief.

The defendants demurred separately to each paragraph of the complaint. The demurrers were overruled, and they excepted.

The defendant Law answered as follows:

First. General denial.

Second. That she was over eighteen years old when she made the deed.

For third paragraph says, that immediately after making said deeds, Abraham Hill and Nancy left and went to Iowa, and there purchased land with the money Law paid for said land sued for, and, with her consent, took the title in his own name; that Abraham Hill died in Shelby county, Indiana, in October, 1852, seized of the land purchased in Iowa,

leaving Nancy Long, his widow, and three children, him surviving; that in 1861, and after she arrived at twenty-one years of age, she sold the Iowa lands for five hundred dollars, and applied it to her own use; wherefore, the Longs are estopped to claim dower.

For fourth paragraph of answer, Law alleged that when the deed was made to him, Abraham Hill and Nancy were living on the land, and he died in Shelby county, in October, 1852, in the vicinity of the land; that she continued to reside in the vicinity of the land until after she arrived at twenty-one years of age, in the year 1854, when she married Wheeler, and they removed to Iowa, and returned to Shelby county, in 1862, and rented said land from said Law, and resided thereon, and in the immediate vicinity of said land, until Wheeler died, in the year 1864, within one mile of said land; that Nancy continued to reside in the vicinity of said land, sole and unmarried, until September, 1868, when she married Long; that during all this time Nancy saw and knew that Law had been making valuable improvements on the land, well knew that he was ignorant that she was under eighteen years of age when she made the deed, and believed she was over eighteen years old, and that her guardian declared publicly, in her hearing, and in the hearing of others, that she was over the age of eighteen years; that she then and hitherto concealed the fact from Law that she was under eighteen years, and made no claim or demand whatsoever of this defendant for dower in said land, or other right, but suffered this defendant for nineteen years in ignorance to occupy and improve said land, and knew of said Law's selling and conveying said lands to his co-defendants, without her claiming her rights to said land.

The defendants Scott and Kendall answered jointly as follows:

First. General denial.

Second. That Nancy was over eighteen years of age when she joined in the deed.

For third paragraph of answer, they say, that Abraham Hill and Nancy invested said money obtained from Law in the purchase of land in Iowa, and she consented that he might take the title in his own name; that Abraham Hill died in October, 1852, seized of said Iowa land, leaving Nancy and two children him surviving; that Nancy, after arriving at the age of twenty-one years, sold the Iowa land for five hundred dollars, and applied it to her own use; wherefore she is estopped, etc.

For fourth paragraph, that Nancy concealed from Law her disability, and represented to Law that she was over eighteen years of age, and that Law believed she was over eighteen years of age; that she knew Law was about to sell said land to the said Scott and Kendall, and concealed from them the fact that she was under eighteen years of age when she made the deed, and never gave them any notice of, or claimed from them any interest in said land, although all the time she had been residing in the vicinity of said land; that Nancy was unmarried from the month of October, 1852, until the year 1853, and from 1864 until September, 1868, and competent to assert her rights. She made no claim to said lands, and acquiesced in said sales; that these defendants purchased and paid for and received deeds from Law for said land, before they, or either of them, had any notice of her pretended claim; that Law was in possession of said lands from the time the Hills deeded the land to him, and was in possession when they purchased from Law; that they purchased in good faith, etc., Scott the twenty acres, and Kendall the sixty acres; that Nancy was present when Scott got his deed, and she could and failed to make any claim against said land, and represented to him that she was over eighteen years old when the deed was made to Law; that Law conveyed to Kendall for three thousand five hundred dollars then paid; that Abraham Hill and Nancy invested the money paid them by Law in Iowa land, and she, after Abraham Hill's death, sold her interest therein for five hundred dollars, and applied the money to her own use.

The fifth paragraph of answer sets up the declaration of the guardian set out upon the deed of Law, that she was over eighteen years old, as an estoppel.

The plaintiff replied in denial of the second paragraph of the answer of Law, and demurred to the third and fourth paragraphs. The demurrer to the third paragraph was sustained, and an exception taken, and was overruled as to the fourth.

The plaintiff replied in denial of the second paragraph of the joint answer of Scott and Kendall, and demurred to the third, fourth, and fifth paragraphs. The demurrer to the third and fifth paragraphs was sustained, and an exception taken, and was overruled, as to the fourth.

There was a reply in denial to each of the fourth paragraphs.

Law, Scott, and Kendall each filed answer, setting up the statute of limitations as to the recovery of damages, which were replied to by a denial.

The cause was tried by the court, and resulted in a finding that the plaintiff Nancy was entitled to dower in said premises.

Separate motions for a new trial were made by each of the defendants, which were overruled. A decree for dower was rendered. Commissioners were appointed, who assigned dower and submitted their report, which was, in all things, confirmed.

The appellants have assigned the following errors:

1st. In overruling the demurrer to the second paragraph of complaint.

2d. In sustaining the demurrer to the third paragraph of answer of Law.

3d. In sustaining the demurrer to the third and fifth paragraphs of the joint answer of Scott and Kendall.

4th. In overruling the three separate motions for a new trial.

5th. In confirming the report of the commissioners, and in rendering judgment thereon.

There are other assignments of error, but they are all included in the fourth.

The above assignments of error present several questions of importance and difficulty. We do not propose to consider the errors in the order of their assignment, or to notice all the questions that have been discussed with so much ability by counsel. We prefer to make a brief summary of the facts of the case, and then consider a few questions, which, in our judgment, will be decisive of the case.

There was no proof to sustain the averments in the first paragraph of the complaint, and no error has been assigned on the overruling of the demurrer thereto. We shall take no further notice of the first paragraph.

The only question presented by the record is, whether the appellee Nancy is entitled to dower in the premises in dispute, her husband having died before the statute which abolished dower and substituted an estate in fee simple went into force. Abraham Hill was seized of the lands in dispute, and on the 5th day of September, 1851, he and his wife, Nancy, for a valuable consideration, conveyed them to the appellant Law. Mrs. Hill was then a minor, under the age of twenty-one, but she and her guardian represented that she was over eighteen years of age, and her guardian appeared before the officer, who took the acknowledgment and stated that the said Nancy was over eighteen years of age, and gave his consent to the sale and conveyance of said land. Soon after such conveyance, Hill and wife moved to the State of Iowa, where he invested the money which he received for the sale of the lands in dispute in the purchase of other lands. In 1852, Hill and wife returned to Shelby county, in this State, where he died in October of that year. The lands purchased in Iowa were sold after his death, and his widow received five hundred dollars as her share of the proceeds thereof. Mrs. Hill lived in a few miles of the land in dispute until the 30th of August, 1853, when she was married to Nicholas Wheeler. Soon after such marriage, Wheeler and wife moved to Iowa and remained about

a year, when they returned to Shelby county, Indiana, and lived for about two years in a house on the land in dispute, during which time Wheeler was frequently employed by Law to work on the farm. Wheeler died in April, 1864. His widow resided in the neighborhood of said lands until in September, 1868, when she was married to her co-plaintiff, George W. Long. Long and his wife resided near to said lands until the commencement of this suit. In September, 1851, Law conveyed, for a valuable consideration, twenty acres of said land to the appellant Scott, and in November, 1869, Law conveyed sixty acres of said land to Mrs. Kendall for a valuable consideration. Neither Scott nor Mrs. Kendall knew, at the time of said purchases and conveyances, that the said Nancy was not over eighteen years of age at the time she and her husband conveyed said lands to Law, or that she claimed to have any interest in said lands. The said Nancy did not, prior to the commencement of this suit, in any manner disaffirm her deed, or give notice of any intention to do so, or that she claimed any interest in said lands; nor did she demand her dower, or pay or tender the purchase-money received by her said husband for said lands. Nor did she, by any affirmative act, ratify and affirm her said deed of conveyance. This suit was commenced on the 25th day of March, 1870, and is the only act done by the said Nancy which evinces an intention on her part to disaffirm her deed, and to claim dower in said lands.

The question is presented whether, upon the above facts, the appellee Nancy is entitled to dower in the lands of which her husband, Hill, was seized during their marriage, and which were sold to Law. We will, in the first place, consider the question, as between her and Law, as to that portion of the lands which he owned at the commencement of the action; and in the second place, we will consider and decide whether the fact that Scott and Mrs. Kendall were purchasers for a valuable consideration, and without notice, will defeat and bar her right to dower.

The appellee Nancy claims that she is entitled to dower in the lands in dispute, because at the time she and her husband conveyed said lands to Law, she was a minor, under the age of eighteen years, and that consequently she possessed no legal capacity to join with her husband in the conveyance of such lands.

By the law which was in force at the time the deed was made, a married woman who was under the age of eighteen years possessed no legal capacity to join with her husband in the conveyance of his lands and the relinquishment of her dower therein. R. S. 1843, 421, sec. 41, chap. 28.

It is provided by said section 41, that "any married woman over the age of eighteen years, and under the age of twenty-one years, may release and relinquish her right to dower in any lands of her husband, sold and conveyed by him, by executing, and acknowledging the execution of such conveyance, as provided in the last preceding section, if the father or guardian of such married woman, shall declare, before the officer taking such acknowledgment, that he believes that such release and relinquishment of dower is for the benefit of such married woman, and that it would be prejudicial to her and her husband to be prevented from disposing of the lands thus conveyed; which declaration, with the name of such father or guardian, shall be inserted as a part of the certificate of the officer taking such acknowledgment."

Under the above section, a married woman, under the age of eighteen years, could not, either with or without the consent of her father or guardian, release or relinquish her dower in the lands of her husband, by him sold and conveyed. The father or guardian had no power to give his consent, unless she was over eighteen and under twenty-one years of age. So, if, in point of fact, the appellee Nancy was under eighteen years of age, at the time the deed in question was made, the declaration and consent of her guardian could give no force or validity to the deed. The case, therefore, stands as a conveyance of a married woman under eighteen years of age.

If the deed was void, as to Nancy, by reason of her infancy, she did not relinquish her right to dower, and she could not ratify and affirm such deed upon arriving at full age, except by the execution of a new deed. The doctrine is well settled, that an act which is absolutely void is incapable of ratification by an act *in pais*. *Fetrow* v. *Wiseman*, 40 Ind. 148.

If, on the other hand, the deed, as to Nancy, was voidable, then she had the election, upon arriving at full age, either to affirm or disaffirm the deed, and such affirmance or disaffirmance might be affected by acts *in pais*.

There has been and still is much conflict, in the adjudged cases, and among elementary writers, as to whether the acts of an infant are absolutely void, or voidable merely. We were required, in the recent case of *Fetrow* v. *Wiseman, supra*, to review the authorities upon this question, and we arrived at the conclusion that the very decided weight of modern authorities was, to hold them voidable only, and not void. The examination of the authorities in the present case has very strongly confirmed our minds as to the correctness of the ruling in that case. The rule is well established, by decided cases, that the deed of a minor, conveying his land for a valuable consideration, is voidable, and not void, and that the right to avoid it, on coming of age, is a personal privilege to the minor and his heirs. We refer to the following authorities, in addition to those cited in the above case: *Kendall* v. *Lawrence*, 22 Pick. 540; *Oliver* v. *Houdlet*, 13 Mass. 237; *Worcester* v. *Eaton*, 13 Mass. 371; *Whitney* v. *Dutch*, 14 Mass. 457; *The Boston Bank* v. *Chamberlin*, 15 Mass. 220; *Nightingale* v. *Withington*, 15 Mass. 272.

There is no question made as to the validity of the deed of Hill. It passed and vested the title in fee in the grantee, subject to the inchoate right of dower in his wife. Her joinder in the deed not being void, but voidable merely, operated to relinquish her right of dower, subject to her right of election on arriving at full age, either to affirm or disaffirm her deed. There is a well defined distinction between the acts to be done by the infant on arriving at age,

where the contract is executory, and where it is executed. Where the contract is executory, such as a promise to pay money, the infant must, to render him liable thereon, on arriving at full age, expressly ratify it, and expressly promise to pay it. Where the act is executed, as where a deed has been made, the infant must, on attaining full age, do some act to disaffirm the contract. In other words, where the contract is executory, there must be an affirmance to render the contract valid, and where it is executed, there must be a disaffirmance to avoid the operation of the deed. There seems to be a difference between contracts simply for payment of money or the performance of any personal duty, and those which are connected with land, or grow out of an interest therein. *Barnaby* v. *Barnaby*, 1 Pick. 221.

It is strenuously insisted by counsel for appellees, that the appellee Nancy was not required, on arriving at full age, to do any act to disaffirm her deed; that her mere silence and acquiescence cannot be construed into a confirmation of the contract; that the bringing of the suit disaffirmed the contract; and that the said Nancy, having been a married woman, was not bound to bring the action during her coverture; and in support of these positions, reference is made to the following adjudged cases: *Drake* v. *Ramsay*, 5 Ohio, 252; *Jackson* v. *Carpenter*, 11 Johns. 539; *Jackson* v. *Burchin*, 14 Johns. 124; *Rogers* v. *Hurd*, 4 Day, 57; *Miles* v. *Lingerman*, 24 Ind. 385.

The court, in *Drake* v. *Ramsay, supra,* say: "But to us it appears, that the word voidable, *ex vi termini*, shows that such a deed transmits the title; and that after vesting, it continues in the grantee, until divested by some act of the maker of the deed. Some of the books apparently suppose, that the act of avoidance must be of equal solemnity with the act of grant. *Rogers* v. *Hurd*, 4 Day, 57; *Jackson* v. *Burchin*, 14 Johns. 124. But I cannot find it to be expressly decided, except in case of feoffments, where a peculiar feudal principle renders it ·necessary. We believe that an entry, suit or action, a subsequent conveyance, an effort to restore parties

to their original condition, or any act unequivocally manifesting the intention, would render the avoidance effectual, and that the institution of this suit is an act fully possessing this character."

The above case is expressly overruled, so far as it holds that a voidable deed of an infant can be avoided by a subsequent deed to a third person, after the infant arrives at age, in *Cresinger* v. *Lessee of Welch*, 15 Ohio, 156, and the residue of the opinion is so limited, modified, and explained, that but little of it is left, and it cannot be regarded as very high authority.

The cases of *Jackson* v. *Carpenter* and *Jackson* v. *Burchin* were reviewed and virtually overruled in the subsequent case of *Bool* v. *Mix*, 17 Wend. 119. The court held that the deed of a minor could not be avoided by another deed to a third person, and that the proper way to avoid such a deed was by an entry.

Judge BRONSON, speaking for the court, said:

"It is unnecessary, on the present occasion, to say that an entry on the land was the only mode in which the deed could be avoided, for the plaintiff, previous to bringing the action, had done no act whatever to disaffirm the conveyance. She had not even demanded possession of the land, or given notice to the tenant that she did not intend to be bound by the deed.

"If one who has aliened his estate while an infant wishes afterwards to avoid the conveyance, it is imposing no unreasonable burden to require that it shall be done by an entry on the land, or by some other act of equal notoriety; and the avoidance, whatever may be its form, must precede the bringing of an action to recover possession. Justice to the tenant requires it; and there is no other way in which we can carry out the doctrine that the deed of an infant is voidable only, and not void. Although the title of the tenant may be defeated, yet, so long as the deed remains unrevoked, he has the legal seizin of the land, and cannot be sued as a trespasser. It is little better than a contradiction in terms, to say that a man who has the rightful possession of lands

can be treated as a wrong-doer. In the case under consideration, the deed remained in full force at the time the action was brought; the possession of the defendant was not tortious, and the action of ejectment cannot be maintained."

We regard the case of *Rogers* v. *Hurd, supra,* as being against the position assumed by counsel for appellees. The court say: "Questions will arise, whether the infant has an act to perform, to avoid or confirm his contract, and what acts shall amount to an avoidance or confirmation. Indeed, the same evidence ought to be required of the confirmation of a voidable contract, after full age, as of the execution of a new one, to avoid fraud and imposition."

The court was considering whether there had been a confirmation of the contract, and, consequently, did not speak of the evidence required to disaffirm a contract.

The case of *Miles* v. *Lingerman, supra,* does not, upon the point under examination, support the views of counsel for appellees. It is said in the opinion, that "evidence was also introduced, on the trial, that the plaintiff had given notice to the defendant of her intention to avoid the deed."

Again it is said: "But when, having by her own act avoided the deed, she comes into a court of law, demanding possession of property to which she holds a perfect title, no equitable conditions can be imposed upon her by the court."

We are not informed by what acts she had avoided the deed, but it is expressly stated that she had avoided the deed before the bringing of the action.

We have examined the following authorities, and find that they substantially support the principles laid down in the case of *Bool* v. *Mix, supra:*

2 Kent, 236; 2 Washb. Real Prop. 559; *Kline* v. *Beebe,* 6 Conn. 494; *Cloud* v. *Webb,* 3 Dev. 317; *Prewit* v. *Graves,* 5 J. J. Mar. 114; *Phillips* v. *Green,* 3 A. K. Mar. 7; *Oldham* v. *Sale,* 1 B. Mon. 76; *Priest* v. *Cummings,* 16 Wend. 617; *Adams* v. *Palmer,* 51 Maine, 480; *Eubanks* v. *Peak,* 2 Bailey, 497; *Deason* v. *Boyd,* 1 Dana, 46; *Robbins* v. *Eaton,* 10 N. H. 561; *Belton* v. *Briggs,* 4 Des. 464; *Phillips* v. *Green,* 5 T. B. Mon.

345; *Thomas* v. *Gammel*, 6 Leigh, 9; *Sanford* v. *Mc-Lean*, 3 Paige, 117; *Webb* v. *Hall*, 35 Maine, 336; *Holmes* v. *Blogg*, 8 Taunt. 35; *Richardson* v. *Boright*, 9 Vt. 368; *Salmon* v. *Cutts*, 5 Eng. L. & Eq. 93; *Dublin, etc., R. W. Co.* v. *Black*, 16 Eng. L. & Eq. 556; *Doe* v. *Abernathy*, 7 Blackf. 442; *Hartman* v. *Kendall*, 4 Ind. 403; *Blankenship* v. *Stout*, 25 Ill. 132.

We are aware that there are other cases, besides those cited by counsel for appellees, which hold that an infant is not required on arriving at age to disaffirm the deed before bringing his action; but we are satisfied from a very careful and thorough examination of the text books and adjudged cases, that the very decided weight of authority requires that there must be a disaffirmance of the deed before the action is brought, and, in our opinion, this view is supported by reason, and required by public policy. As there was no act done by the appellee Nancy before bringing her action to disaffirm her deed, we are not required to decide what acts will amount to a disaffirmance, and for the same reason we cannot decide within what time such acts must be done after the infant arrives of age. The authorities all agree that the contract must be disaffirmed within "a reasonable time" after the infant arrives of age, but there is great diversity of opinion as to what is "reasonable time." An examination of the above authorities will show that the time required ranges from one to twenty years, according to the peculiar circumstances of each case and the views of different judges and writers. A proceeding for the assignment of dower cannot be maintained unless it is alleged and proved that there had been a demand made for dower before the commencement of the action. Secs. 66 and 67, ch. 45, R. S. 1843, p. 804; *Wells* v. *Sprague*, 10 Ind. 305.

The question we are considering is the disaffirmance of the contract, and not the time within which the action must be brought. The distinction between the two things is well and clearly stated by WORDEN, J., in *Potter* v. *Smith*, 36 Ind. 231, where it is said: "The distinction between bringing,

and laying the foundation for an action must not be disregarded. There are cases where a man must act promptly and within a reasonable time, in order to be entitled to an action; *e. g.*, if he finds himself defrauded in a contract, he may be required, in order to rescind, to act promptly on the discovery of the fraud, and tender back to the other party what he has received, thereby placing him *in statu quo*, and demand a rescission; but having done all that is necessary to entitle him to a rescission, he may bring his action therefor at any time before he is barred by the statute."

The appellants did not plead the statute of limitations in bar of the action for dower, but only to the recovery of damages. As there are exceptions to the statute in favor of the appellee Nancy, she having been and now being a married woman, the statute must be pleaded. *Potter* v. *Smith, supra*. The question as to the statute of limitations is not before us, and we decide nothing in reference thereto.

It is contended by counsel for appellants that the appellee Nancy cannot maintain this action without paying or tendering back the purchase-money for the premises in dispute.

Such is the general rule of the law; but it does not apply in the case of an action brought to avoid a deed made by an infant *feme covert*. *Pitcher* v. *Laycock*, 7 Ind. 398; *Miles* v. *Lingerman*, 24 Ind. 385; *Cresinger* v. *Lessee of Welch*, 15 Ohio, 156; *Markham* v. *Merrett*, 7 How. Miss. 437; *Shaw* v. *Boyd*, 5 S. & R. 309; *Roof* v. *Stafford*, 7 Cow. 179; 2 Scrib. Dower, 284.

It is also claimed by counsel for appellants that Scott and Mrs. Kendall, being *bona fide* purchasers for value, will hold the land purchased by them from Law, free from the claim of dower.

The question thus presented has been, and still is, to some extent, a vexed question. There has been in England, and in this country, among learned judges and eminent law writers, great diversity of opinion, but it now seems to be the settled American doctrine that the plea of a *bona fide* pur-

chaser for value is no defence, even in a court of equity, against a legal claim for dower.

2 Scribner Dower, 157, thus states the law: "But in the American courts the doctrine is well settled that the plea of a *bona fide* purchaser for value, is no defence, even in a court of equity, against a legal claim to dower."

Judge Story, in his work on Eq. Jur., sec. 630, states the law as follows: "Indeed, so highly favored is dower, that a bill for a discovery and relief has been maintained, even against a purchaser for a valuable consideration without notice, who is, perhaps, generally as much favored as any one in courts of equity. The ground of maintaining the bill, in such a case, is, that the suit for dower is upon a legal title, and not upon a mere equitable claim, to which only the plea of a purchase for a valuable consideration has been supposed properly to apply. This decision has been often found fault with, and, in some cases, the doctrine of it denied. It has, however, been vindicated, with great apparent force, upon the following reasoning: It is admitted that dower is a mere legal right; and that a court of equity, in assuming a concurrent jurisdiction with courts of law upon the subject, professedly acts upon the legal right; for dower does not attach upon an equitable estate. In so acting, the court should proceed in analogy to the law, where such a plea, of a purchase for a valuable consideration without notice, would not be looked at; and, therefore, as an equitable plea, it should also be inadmissible. But this analogy will not hold, where the widow applies for equitable relief, as, for the removal of terms out of her way, or for a discovery. In the latter cases, the equitable plea, of a purchase for a valuable consideration without notice, cannot be resisted. In the former case, the widow, proceeding upon the concurrent jurisdiction of the court, merely enforces a right, which the defendant cannot at law resist by such mode of defence. In the latter case, she applies to the equity of the court to take away from him a defence, which, at law, would protect him against her demand."

We have made a careful examination of the English and American elementary works and adjudged cases; and, while we find some conflict, we are of opinion that the very decided weight of authority preponderates in favor of the doctrine stated by Scribner and Story, as above quoted; and in support of such views, we refer to the following authorities:

Beames Eq. 234, 245; 1 Roper Hus. & Wife, 447; Mitford Ch. Pl. by Jeremy, 274; 1 Fonb. Eq. 1, chap. 4, sec. 23, and note; 2 Fonb. Eq. 2, chap. 6, sec. 2, note *h*; *Williams* v. *Lambe*, 3 Brown C. C. 264; *Collins* v. *Archer*, 1 Russ. & Mylne, 284; *Rogers* v. *Seale*, 2 Freem. 84; *Medlicott* v. *O'Donel*, 1 Ball & B. 171; *Ridgeway* v. *Newbold*, 1 Harring. Del. 385; *Stinson* v. *Sumner*, 9 Mass. 138; *Brown* v. *Wood*, 6 Rich. Eq. 155; *Blain* v. *Harrison*, 11 Ill. 384; *Rankin* v. *Oliphant*, 9 Mo. 239; *Larrowe* v. *Beam*, 10 Ohio, 498; *Wailes* v. *Cooper*, 24 Miss. 208; *Blake* v. *Heyward*, Bailey Eq. 201; *Robinson* v. *Bates*, 3 Met. 40; *Daniel* v. *Hollingshead*, 16 Ga. 190; *Campbell* v. *Murphy*, 2 Jones Eq. 357; *Gano* v. *Gilruth*, 4 Greene Iowa, 453; *Jenkins* v. *Bodley*, Sm. & M. Ch. 338.

We are of opinion that the fact that Scott and Mrs. Kendall were *bona fide* purchasers for value, constitutes no defense to the action, but that the action cannot be maintained unless the deed of the said Nancy was disaffirmed in some mode known to the law before the commencement of the action; and for failure to establish such a disaffirmance, the judgment must be reversed.

The judgment is reversed, with costs, and the cause remanded, with directions to grant a new trial, and for further proceedings in accordance with this opinion.

*A. Major* and *S. Major*, for appellants.

*K. M. Hord* and *A. Blair*, for appellees.