## NANCY LONG V. JOHN WILLIAMS.

**1.** *Practice—Cross-Complaint—Harmless Error.*—Where a question presented in two different paragraphs of a cross-complaint is the same, it is harmless error, if the court sustains a demurrer to one of the paragraphs.

**2.** *Voidable Conveyance—Disaffirmance.*—The disaffirmance of a voidable deed may be by entry upon the land, by a written notice of disaffirmance, by a subsequent conveyance, or by another equally emphatic act declaratory of an intention to disaffirm.

**3.** *Destruction of Voidable Deed—Position of Party Disaffirming.*—It is the act of disaffirmance which destroys a voidable deed, and not the proceedings which may be taken to give force and effect to the disaffirmance after it has been made. It is not necessary that the party should be in a position to recover the possession of the land when he disaffirms the deed.

Filed June 20, 1881.

Appeal from Shelby Circuit Court.

Opinion of the court by Mr. Justice Niblack.

This was an action for partition, in which John Williams, the appellee, was plaintiff, and Nancy Long, the appellant, and a considerable number of others, nearly all lineal descendents of one John White, deceased, were defendants.

The complaint alleged that John White died intestate in 1838, seized, amongst other tracts, of an eighty acre tract of land, in Shelby county, the tract of which partition was demanded, and leaving a widow and six children; that the tract in controversy was afterwards assigned to the widow during her life, as and for her dower interest in the lands of her said late husband; that in 1848, the plaintiff had intermarried with the widow; that on the 11th day of January, 1851, the plaintiff had purchased of the said Nancy Long, who was one of the children of the said John White, and was then the wife of one Abram Hill, and two other children of the said White, their interests is said eighty acre tract of land; that the widow, with whom the plaintiff had so intermarried, had died intestate in 1875; that the plaintiff had inherited from her, one thirty-sixth part of said tract of land, he thus becoming the owner, in the aggregate, of nineteen thirty-sixths parts thereof.

Nancy Long filed a cross-complaint in two paragraphs, setting up title to seven thirty-sixths of the land in dispute.

In both paragraphs she set out the deed with the acknowledgments attached thereto, which she and others had executed to the plaintiff on the 11th day of January, 1851, averring that at the time of its execution she was a minor, and a married woman, under eighteen years of age, and that she had since disaffirmed said deed.

The only substantial difference between the two paragraphs was the first averred a disaffirmance in 1877, and the second a disaffirmmance in 1860.

A demurrer was sustained to the first paragraph of the cross-complaint and issue being joined, the court made a special finding of the facts established by the evidence.

The facts as found by the court and the conclusion of law drawn from them, so far as any question is made by this appeal, were as follows:

That on the 4th day of December, 1838, John White died intestate, leaving Margaret White as his widow, and Nancy White, now Nancy Long, Elizabeth Engler, now deceased, Sarah White, afterwards Sarah Wallace, now also deceased, Phebe White, also since deceased, Joseph White, also now dead, and William White, who has also since died, as his children surviving him; that the said John White died seized, amongst other lands, of the eighty-acre tract described in the complaint; that dower in the lands of her late husband was assigned to the said Margaret upon, and so as to include, said tract; that in the year 1848, the said Margaret intermarried with and became the wife of the plaintiff; that on the 11th day of January, 1851, the defendant, Nancy Long, then Nancy Hill, together with her husband, Abram Hill, and Joseph White and wife, and William White and wife, executed and delivered to the plaintiff a deed of conveyance conveying to him the respective interests of the said Nancy, Joseph and William in the land in suit; that at the time of the execution of said deed the said Nancy was a married woman and under eighteen years of age; that she did not arrive at the age of twenty-one years until the 11th day of December, 1854; that the said Nancy did not at any time, or in any manner, ever disaffirm her said deed to the plaintiff, or declare to him her desire or intention not to be bound by the same, because of her minority when she executed said deed, or for any other cause, previous to the filing of her cross-complaint; that after-

wards the said Phebe White died intestate, without having ever been married, leaving her mother and brothers and sisters as her only heirs at law surviving her; that, on the 6th day of August, 1875, the said Margaret, being still the wife of the plaintiff, died intestate.

Upon these facts the court came to the conclusion that at the death of John White each of his children became entitled to one undivided sixth part of the land designated in the complaint, subject to the life estate of their mother therein; that the plaintiff became the owner of the undivided interests of the said Nancy, Joseph and William in said land by their said deed of the 11th day of January, 1851, to him; that said deed as to the said Nancy was voidable, and might have been disaffirmed by her within a reasonable time after her arrival at the age of twenty-one years; that the dower interest of her mother in the land afforded no sufficient excuse for her delay in disaffirming her deed within such reasonable time after arriving at full age; that having failed for more than twenty years, after reaching her majority, to disaffirm her deed, it was then too late for her to exercise that right; that by the death of said Phebe White, the said Margaret inherited one-half of her interest in equal to one-twelfth of said land, one-third of which one-twelfth went to the plaintiff at the death of the said Margaret; that by reason of the premises the plaintiff had become the owner of nineteen thirty-sixths of the land and was entitled to have partition of the same; that, as one of the heirs of her sister Phebe the said Nancy had inherited a small interest in the land subsequent to the execution of her deed to the plaintiff and that by her mother's death she afterwards became entitled to another small interest in the estate which her mother had inherited from the said Phebe."

The court came to further conclusions upon other facts found by it, as the interests which the other defendants had acquired in the land, to all of which conclusions of law the said Nancy, by her counsel, excepted.

Partition of the land was then decreed and made, setting off to the plaintiff nineteen thirty-sixths parts as his share therein, and otherwise disposing of the residue.

Error is assigned by Nancy Long, who alone appeals.

1. Upon the sustaining of the demurrer to the first paragraph of the cross-complaint.

2. Upon the conclusions of law drawn by the court from the facts as found by it.

The appellant contends that the acknowledgment of the deed set out in the first paragraph of her cross-complaint, was so fatally defective when considered with reference to the law in force at the time it was taken, as to render the deed void as to her, and that for that reason the court erred in sustaining the demurrer to that paragraph.

The second paragraph of the cross-complaint, however, set out the deed and the acknowledgment in the same manner as the first, and the question argued upon the acknowledgment was as well presented by the second as by the first paragraph.

If, therefore, the demurrer to the first paragraph was erroneously sustained, a question we have not considered, the error was a harmless one, and as no reference was made to the acknowledgment in the special finding, no question is reserved upon it for our consideration here.

The appellant further contends that, as her mother was in the lawful possession of the land during her, the said mother's, natural life, the ancient and best established method of disaffirming a deed by entry on the land would have been unauthorized and unavailing, and that by analogy any other mode of disaffirmance would have been equally ineffectual during the lifetime of the mother, and that a reasonable time for the disaffirmance of the appellant's deed had not elapsed between the time of the mother's death, and the commencement of this suit.

As applicable to the doctrine, thus contended for by the appellant it may be said:

*First.* That there are in this State several well recognized modes of disaffirming a voidable deed.

The disaffirmance may be by entry upon the land, by a written notice of disaffirmance, by a subsequent conveyance, or by any other equally emphatic act declaratory of an intention to disaffirm. *Law* v. *Long*, 41 Ind. 586; *Scranton* v. *Stewart*, 52 Ind. 68.

The appellant might, therefore, have disaffirmed by other means than an entry upon the land.

*Secondly.* That it is the act of disaffirming which destroys a voidable deed, and not the proceedings, which may be taken to

give force and effect to the disaffirmance, after it has been made. *Potter* v. *Smith*, 36 Ind. 231.

It was not necessary that the appellant should have been in a position to recover the possession of the land, when she disaffirmed her deed to the appellee. She might have brought an action to quiet her title, without being entitled to possession. R. S. 1876, Vol. 2, 254, § 11.

The possession of her mother was, therefore, no excuse for the failure of the appellant to disaffirm her deed, within a reasonable time, after her arrival at full age.

We see no error in the proceedings below.

The judgment is affirmed, with costs.

Ben. F. Love, for appellant.

Mojor & Major, for appellee.