RICHARDSON V. COGSWELL.

STATUTE OF LIMITATIONS:  *Absconding debtor.*

The absconding of a debtor to prevent the institution of a suit against him does not suspend the statute of limitations under *Sec. 4502 Mansf. Dig.*, unless such obstruction to the suit existed at the time the cause of action accrued.

APPEAL from *Garland* Circuit Court.
Hon. J. B. WOOD, Circuit Judge.

*John J. Sumpter* for Appellant.

This action was barred by limitation. *Gantt's Dig.*, sec. *4121.* When the statute once begins to run, it continues to run over all intervening disabilities. *Abbott's Nat. Dig.*, secs. *165–166, p. 227, and cases cited.*

The act makes no reservation in favor of non-residents, and the court can make none. *17 Ark., 199.*

*Z. P. H. Farr* for Appellant.

The account was barred. *Mansf. Dig.*, sec. *4478.* The reply of plaintiff was no answer to the plea of limitation, as the statute under which it was drawn has reference to non-resident debtors. *Mansf. Dig.*, sec. —. Richardson was a resident. *8 Ark., 429.*

*Sanders & Husbands* for Appellee.

The evidence shows that appellant was a non-resident when the suit was brought.

COCKRILL, C. J.  The appellee is a hotel proprietor in Hot Springs. The appellant was a resident of the same city, and became indebted to her in the sum of $119.28 for board and

lodging, and then absconded, as the evidence tended to prove, to prevent the commencement of an action against him. Somewhat more than five years thereafter he reappeared in Hot Springs, and Mrs. Cogswell sued him for the amount of his board bill. The defense offered was that the cause of action did not accrue within three years of the institution of suit. There was judgment against the appellant in the court of common pleas, and again on appeal to the circuit court, where judgment was rendered against the sureties in his appeal bond. It is in the interest of his sureties mainly that this appeal is prosecuted.

Mrs. Cogswell admits that her cause of action accrued more than three years before suit brought, and relies upon the following provision of the statute to prevent the bar: "If any person, by leaving the county, absconding or concealing himself, or any other improper act of his own, prevent the commencement of any action in this act specified, such action may be commenced within the times respectively limited after the commencement of such action shall have ceased to be so prevented." *Mansf. Dig.*, sec. *4502*.

In the case of *Denton v. Brownlee, 24 Ark., 554*, the statute in question, upon mature consideration, was construed to suspend the operation of the statute of limitations only when the obstruction to suit existed at the time the cause of action accrued. When no disability in the creditor, arising from the act of the debtor, exists at the time the cause of action accrues, the statute of limitations begins to run, and is not checked by the obstructing act of the debtor done after that time. *Denton v. Brownlee, supra; Burr v. Williams, 20 Ib., 185.*

The proof showed that Mrs. Cogswell's cause of action accrued, and that she had the opportunity thereafter to bring her action, before her debtor absconded.

It is only the act of absconding from the county of his residence that is relied on to suspend the statute, but, by the

authority quoted, that did not have the effect to check the operation of the statute when it was once in motion. As the burden of proof was upon the plaintiff to show facts which would remove the bar, (*Taylor v. Sear, 6 Ark., 381; McNeil v. Garland, 27 Ib., 343,*) it follows that the verdict is not sustained by evidence, and the judgment must be reversed and the case remanded for a new trial.