## KEITH v. HINER.

### Opinion delivered November 28, 1896.

LIMITATION OF ACTION—WHO ARE DEBTORS.—One against whom a judgment for damages has been obtained for burning the property of another is a "debtor," within Sand. & H. Dig., § 4835, providing that if any "debtor" shall fraudulently abscond from any other state to this state without the knowledge of his creditor, such creditor may commence suit within the time prescribed for limiting such action after the creditor becomes apprised of the residence of the absconding creditor.

SAME—ABSCONDING DEBTOR.—A debtor who, while residing in South Carolina, was arrested and carried to North Carolina, whence he escaped and returned to the former state, and there openly resided for six months, when he removed to this state, is not an absconding debtor, within Sand. & H. Dig., § 4835, providing that if any debtor shall fraudulently abscond from any other state without the knowledge of his creditors they may bring suit against him at any time within the statutory period after learning of his residence.

SAME—FRAUDULENT CONCEALMENT.—A concealment of himself by a debtor, occuring several years before the right of action on a judgment obtained against him accrued, does not extend the time for suing him, under Sand. & H. Dig., § 4846, providing that if any person, by leaving the county or concealing himself, prevents the commencement of any action against him, such action may be commenced within the time limited after the commencement of such action shall have ceased to be so prevented.

Appeal from Logan Circuit Court.

J. VIRGIL BOURLAND, Special Judge.

*A. S. McKennon* for appellant.

The action is barred. Sand. & H. Dig., secs. 4834, 4835, 4846; 20 Ark. 186; 20 Pac. Rep. 49; 8 Kas. 262; 30 *id.* 181; 27 Pac. Rep. 978. At the time of the alleged burning of the mill, no relation of debtor and creditor existed. 3 Ark. 552; 5 Am. & Eng. Enc. Law, 179, and cases cited; Whart. Law Dict. "Debtor," "Creditor;" Freeman on Judg. (3 Ed.), sec. 217. The relation of debtor and creditor must exist at the time the debtor absconds. See 131 U. S. 336. It was incumbent on Deavers to show not only that Keith fraudulently absconded, but also that he was not apprised of his residence in Arkansas until within ten years next before the institution of this suit. 6 Ark. 381; 27 *id.* 343.

*Dan W. Jones & McCain,* and *S. R. Cockrill* for appellee.

The term "debtor" includes tort-feasors, as well as persons liable on contracts. 66 N. C. 206. There is abundant evidence to support the chancellor's finding that Keith was an absconding debter, and fraudulently concealed his whereabouts, within the meaning of our statute. Sand. & H. Dig., secs. 4835, 4846, 4646; 9 Mo. 398.

BATTLE, J. Previous to the fall of 1865, James A. Keith resided in the county of Madison, in the state of North Carolina. In that fall he moved, with his family, to the Greenville district, in the state of South Carolina. While there, he was arrested by the military powers, and carried to North Carolina; and was there imprisoned in the Buncombe county jail. While imprisoned, and on the 17th of November, 1868, Deavers sued him for burning a mill, and caused process to be served on him. On the 22nd of February, 1869, he escaped from jail, and returned to his home and family

at Greenville district, in South Carolina, and openly resided there until September, 1869, when he removed, with his family, to Logan county, in this state. On the 3rd day of October, 1876, Deavers recovered a judgment against him in the superior court of Buncombe county, in the suit instituted against him on the 17th of November, 1868. Twelve years, ten months, and five days after the recovery of this judgment, Deavers brought suit upon it against Keith in the Logan circuit court.

The defendant pleaded the ten-years' statute of limitations in bar of the right to maintain the action. To avoid the force of this statute, the plaintiff undertook to show that the defendant fraudulently absconded from the state of South Carolina, without his knowledge, and that he did not discover his residence until less than ten years before the commencement of this action.

The issue presented by the pleading and evidence in this case depends upon section 4835 of Sandels & Hill's Digest, which is as follows : "If any debtor or debtors shall fraudulently abscond from any other state, territory or district to this state, without the knowledge of his, her or their creditor or creditors, such creditor or creditors may commence suit against such absconding debtor or debtors within the times in this act, or any other act of limitations now in force, prescribed for limiting such action or actions, after such creditor or creditors may become apprised of such residence of such absconding debtor or debtors." Under this statute two questions arise in this action : (1) Did the plaintiff and defendant sustain to each other the relation of creditor and debtor, within the meaning of this statute ? And (2) did the defendant fraudulently abscond from the state of South Carolina ?

Who are debtors?          A creditor, in its strict legal sense, is one who voluntarily trusts or gives credit to another for money or other property, but, in its more general and extensive

sense, is one who has a right by law to demand and recover of another a sum of money on any account whatever. Conversely, a debtor is one who owes another anything, or is under obligation, arising from express agreement, implication of law, or from the principles of natural justice, to render and pay a sum of money. *Stanly* v. *Ogden*, 2 Root, 259, 261.

The object of the statute in which these words are used is to prevent the creditor from being barred by the statutes of limitations from maintaining his action against the debtor who has eluded him by fraudulently absconding to this state without his knowledge, and the debtor from taking advantage of his own wrong. For this purpose the creditor is allowed to bring his action within the time prescribed for bringing such actions after he discovers the debtor's residence. To accomplish its object, the statute should be liberally construed, and in that manner which will best advance the remedy provided, and suppress the mischief intended to be avoided, and to this end the words "creditor" and "debtor" should be understood in their general and extensive sense. There is no reason why they should be limited to their strict sense, when all the persons coming within their broad signification are liable to be affected by the mischief intended to be remedied, and, according to the principles of natural justice, are equally entitled to the protection of the statute.

The debtor coming within the provisions of the statute is one who secretly, or in a manner calculated to deceive his creditors as to his intention to change the state of his residence, leaves "any other state, territory, or district," without their knowledge, and comes and resides in this state. Unless he fraudulently absconds in the manner indicated, the creditor is not entitled to bring his action under section 4835. This is one of the

conditions upon which the benefit of this statute is allowed. If the debtor leaves openly, publicly, or with the knowledge of the creditor, the creditor has the opportunity of tracing or following him to his destination, or suing him before he changes his domicile, and cannot extend the time for bringing his action by a failure to discover the debtor's residence. Upon the conditions of the statute only is he entitled to its benefits.

*Debtor held not to be an absconder.*

The burden was upon the plaintiff to prove that his action was brought within the time prescribed by the statute. He endeavored to do so by showing that he was ignorant of the defendant's place of residence until a short time before the commencement of this action. That was not sufficient to show that the defendant fraudulently absconded from another state to this When he first left the state of North Carolina, the plaintiff had no cause of action against him. The breaking jail in North Carolina and returning to his home in South Carolina was not fraudulently absconding. He was not a resident of the former state at that time, and was held there forcibly and against his will. His residence was then in the latter state. There was no evidence that he fraudulently absconded from the state of South Carolina to this state.

*As to fraudulent concealment.*

But plaintiff says that section 4846 of Sandels & Hill's Digest provides: "If any person, by leaving the county, absconding, or concealing himself, or any other improper act of his own, prevent the commencement of any action in this act specified, such action may be commenced within the times respectively limited, after the commencement of such action shall have ceased to be so prevented;" and that the defendant concealed himself. The facts relied on to show concealment, if true, occurred four or five years before his right of action upon the judgment sued on accrued, and for that reason were

insufficient to extend the time for bringing suit. *Rich-ardson* v. *Cogswell*, 47 Ark. 170; *Denton* v. *Brownlee*, 24 Ark. 556.

The judgment of the circuit court is therefore reversed, and final judgment will be entered here in favor of the defendant.