[No. 19412. In Bank.—July 27, 1895.]

# FERNANDO CARDENAS, APPELLANT, v. JOHN E. MILLER, RESPONDENT.

DECISIONS—DICTUM—CONTROLLING EFFECT OF STATUTE.—The expression of opinion in the decision of a cause which is not necessary to a determination of the case is to be regarded as a mere *dictum*, and, when it announces a doctrine which is inconsistent with the plain meaning and effect of a statute, it cannot affect a subsequent decision in accordance with the statute.

ATTACHMENT—UNRECORDED CHATTEL MORTGAGE—NOTICE TO CREDITORS.—A chattel mortgage which is not recorded as required by the statute is void as to attaching creditors of the mortgagor, regardless of their actual notice of the unrecorded chattel mortgage, and knowledge of its existence will not protect the holder of the chattel mortgage against an attachment by a creditor of the mortgagor.

ID.—CONSTRUCTION OF CODE—NOTICE OF UNRECORDED INSTRUMENT.—Section 1217 of the Civil Code, which provides that an unrecorded instrument is valid as between the parties thereto and those who have notice thereof, relates only to instruments affecting the title to or possession of real property, and does not apply to chattel mortgages or qualify the explicit terms of section 2957 of the Civil Code, making an unrecorded mortgage void as against creditors of the mortgagor, and against subsequent purchasers and encumbrancers of the property in good faith and for value.

ID.—RIGHTS OF CREDITORS DISTINGUISHED FROM THOSE OF PURCHASERS AND ENCUMBRANCERS—GOOD FAITH.—Section 2957 of the Civil Code makes a plain distinction between the rights of creditors and those of subsequent purchasers and mortgagees, an unrecorded mortgage being void as to creditors without regard to good faith or actual notice of the mortgage, which is wholly immaterial as to them, while subsequent purchasers and mortgagees are protected against a prior unrecorded mortgage only when they take their conveyances in good faith and for value, without actual notice of the prior mortgage.

APPEAL from a judgment of the Superior Court of Santa Barbara County and from an order denying a new trial. W. B. COPE, Judge.

The facts are stated in the opinion of the court.

*B. F. Thomas*, for Appellant.

The defendant having actual notice of the chattel mortgage was bound by it as effectually as if it had been placed on record before his attachment issued. (Civ. Code, secs. 19, 1217; *Foorman* v. *Wallace*, 75 Cal.

552; *Hoag* v. *Howard*, 55 Cal. 564; Jones on Chattel Mortgages, secs. 308–17; Wade on Notice, sec. 371; *Gibson* v. *Warden*, 14 Wall. 244; 3 Am. & Eng. Ency. of Law, 198; *Clark* v. *McDuffie*, 21 N. Y. Supp. 174; *Howard* v. *First Nat. Bank*, 44 Kan. 549; *Cassiday* v. *Harrelson*, 1 Col. App. 458; *Neerman* v. *Caldwell*, 50 Kan. 61; *Sullivan* v. *Miller*, 106 N. Y. 641; *Tabor* v. *Sampson*, 3 West Coast Rep. 129; *Ward* v. *Waterman*, 85 Cal. 508; *Lewis* v. *Palmer*, 28 N. Y. 276; *Gildersleeve* v. *Landon*, 73 N. Y. 610; *Mack* v. *Phelan*, 92 N. Y. 20; *Reed* v. *Gannon*, 50 N. Y. 345.) Section 2957 of the Civil Code should be construed in the same manner in which the court has construed section 324 of the Civil Code as to the rights of attaching creditors with notice of an unrecorded transfer. (*Westen* v. *Bear River etc. Co.*, 6 Cal. 429; *Farmers' Nat. Gold Bank* v. *Wilson*, 58 Cal. 603; *Parrott* v. *Byers*, 40 Cal. 614.) Only those who have been injured by neglect to file chattel mortgages can take advantage of neglect to record them. (*Jones* v. *Graham*, 77 N. Y. 628; Cobbey on Chattel Mortgages, secs. 620, 623; *Kohl* v. *Lynn*, 34 Mich. 360; *Farmers' Loan etc. Co.* v. *Hendrickson*, 25 Barb. 484; *Tyler* v. *Strang*, 21 Barb. 198; *Tiffany* v. *Warren*, 37 Barb. 571; *Brown* v. *Brabb*, 67 Mich. 17; 11 Am. St. Rep. 549.)

*A. Leslie*, and *Richards. & Carrier*, for Respondent.

The record of a chattel mortgage is a substitute for the actual delivery and continued change of possession required by section 3440 of the Civil Code. (*Martin* v. *Thompson*, 63 Cal. 4; *Beamer* v. *Freeman*, 84 Cal. 556.) The unrecorded mortgage is void as to creditors without regard to good faith or notice on their part, such as is required of subsequent purchasers and mortgagees. (*Martin* v. *Thompson*, supra; *Williamson* v. *New Jersey etc. R. R. Co.*, 28 N. J. Eq. 285; 29 N. J. Eq. 336; *Sayre* v. *Hewes*, 32 N. J. Eq. 652; *Cooper* v. *Koppes*, 45 Ohio St. 625; *Kimball* v. *Kirby*, 4 S. Dak. 152; *Farmers' Loan etc. Co.* v. *Hendrickson*, 25 Barb. 484; *Stevens* v. *Buffalo etc. R. R. Co.*, 31 Barb. 590; *Karst* v. *Gane*, 136 N. Y.

316; *Brothers* v. *Mundell,* 60 Tex. 246; *Earle* v. *Burch*, 21 Neb. 702; *Simpson* v. *Harris*, 21 Nev. 353.)

THE COURT.—Upon further consideration of this cause upon rehearing we are satisfied with the conclusion reached in Department, as expressed in the opinion of Mr. Commissioner Searls. The supposed conflict between the opinion of the Department and the case of *Fette* v. *Lane* (Cal., Sept. 21, 1894), 37 Pac. Rep. 914, urged in the petition for rehearing, does not exist. The court were there considering the rights of a subsequent mortgagee taking with notice of a prior unrecorded mortgage, and the question as to the rights of an attaching creditor against the holder of such a mortgage was not involved. It is true that the learned commissioner who wrote the opinion in that case suggests in passing: "Nor could the attachment of the property by defendant, after notice of plaintiff's mortgage, affect his lien, even if the attachment had not been dismissed." But the question of the effect of an attachment was not before the court, and what is there said with reference thereto was not necessary to a determination of the case; it is therefore to be regarded as mere *dictum*, and, as it announces a doctrine which we regard as inconsistent with the plain meaning and effect of our statute, it cannot be permitted to affect our consideration. Our statute makes a very plain distinction between creditors and subsequent purchasers and mortgagees. The latter are protected against the prior unrecorded mortgage only when they take their conveyances "in good faith and for value"; and, of course, they do not take them in good faith if they have actual notice of the prior mortgage. But not so as to *creditors.* As to them good faith is not made a condition, but such a mortgage is declared void without qualification. As to them the question of actual notice is made wholly immaterial under the statute, and, consequently, knowledge on their part of the existence of such unrecorded mortgage will not protect its holder against their claims.

The plain import of the statute is that nothing but a compliance with its terms will protect a mortgage of chattels against creditors. This construction is in accord with that given to the statutes of a number of other states wherein a similar distinction is made in the law between creditors and subsequent purchasers and mortgagees. (See Jones on Chattel Mortgages, sec. 318, and cases cited.)

Our statute is expressed in language so clear and unequivocal, indeed, as to be susceptible of no other reasonable construction, unless the explicit terms of section 2957 of the Civil Code are to be regarded as modified by the provisions of section 1217; but, for the reason stated in the opinion of the Department, it is clear to our minds that the latter section has no application.

The judgment and order appealed from are affirmed.

The following is the opinion above referred to, rendered in Department Two on the 13th of March, 1895:

SEARLS, C.—This is an action in claim and delivery, to recover a quantity of barley, or its value and damages.

The case was tried by the court without a jury and findings in writing made and filed, upon which judgment was entered in favor of defendant.

Plaintiff appeals from the judgment and from an order denying his motion for a new trial. The complaint is in the usual form in claim and delivery.

The answer denies many of the allegations of the complaint, and justifies the taking and holding the barley as the assignee in insolvency of one A. J. Drennan, who is alleged to have been the owner thereof. At the trial it was shown that, in 1892, A. J. Drennan raised a crop of barley upon certain land in Santa Barbara county, which he leased from two separate individuals, giving one-fifth of the crop to the owners of the land in lieu of rent.

On the 11th of March, 1892, Drennan executed in due form a chattel mortgage to Fernando Cardenas, the plain-

tiff and appellant herein, upon his share of the growing crop of barley, to secure the payment of two hundred dollars, with interest at one per cent per month. The mortgage contained the affidavit of the parties and was duly acknowledged, but was not recorded until the twenty-eighth day of June, 1892, when it was duly recorded.

John F. Miller, the defendant and respondent herein, brought suit against Drennan to recover money due upon a promissory note dated in 1891, issued an attachment, etc., which was levied upon the interest of Drennan in the growing crop on the twenty-third day of June, 1892.

The levy was made by the sheriff by leaving personally with the defendant Drennan a copy of the writ of attachment, together with a notice, etc., as provided by subdivision 5 of section 543 of the Code of Civil Procedure, and by placing a keeper in charge of the growing crop. Defendant Miller had actual notice of the chattel mortgage at the time of suing out and service of his writ of attachment.

On the thirtieth day of June, 1892, A. J. Drennan filed his petition in insolvency in the superior court in and for the county of Santa Barbara, and on the same day an order adjudicating him an insolvent, directing the sheriff to take possession of his estate, staying all proceedings against said insolvent, directing publication, etc., was duly entered. The sheriff took possession of the property and placed B. F. Nosser in possession in place of S. C. Tyler, who had acted as keeper for the sheriff under the attachment.

Such proceedings were thereafter had in the insolvency proceedings that on the thirteenth day of August, 1892, John F. Miller, the defendant herein, was appointed assignee of the estate of said insolvent, and on the same day received an assignment of all the property of the estate from the clerk of the superior court.

The barley was harvested, threshed, and sacked by plaintiff in the latter part of August. There is testi-

.mony tending to show that this was done by consent of the sheriff or his keeper. Plaintiff, however, claimed the right so to do under his mortgage.

About the 1st of September, 1892, defendant, as assignee, took possession of the barley and removed it, offering to pay plaintiff his expenses for harvesting and threshing, amounting to about three hundred dollars, but refusing to pay two hundred dollars claimed by the plaintiff as due on his mortgage. The attachment having been levied June 23, 1892, and the chattel mortgage not having been recorded until five days thereafter, viz., June 28, 1892, the question arises, Has the lien of the attachment priority over that of the mortgage in favor of an attaching creditor who had actual notice of the existence of such chattel mortgage?

If this question be answered in the affirmative we are of opinion the judgment of the court below should be affirmed, and if a negative answer be returned such judgment should be reversed. There are some minor points made by counsel for appellant, but upon examination it is believed that they are either not sustained by the record or do not call for a reversal.

Under the doctrine enunciated in *Beamer* v. *Freeman*, 84 Cal. 554, the lien of the attachment, if prior to that of the mortgage, though such attachment was dissolved by the proceedings in insolvency taken within one month after the attachment lien attached, did not inure to the benefit of the holder of the chattel mortgage, but to the benefit of general creditors of the insolvent; and the assignee in insolvency was, as the trustee of the creditors, entitled to possession of the property in dispute.

The contention of appellant is that the defendant, having had actual notice of the existence of plaintiff's chattel mortgage, was bound by it as effectually as if it had been placed on record before he instituted his suit and caused the writ of attachment to issue and be levied upon the mortgaged property, and in support of this contention we are referred to section 1217 of the Civil

Code, which is as follows: "An unrecorded instrument is valid as between the parties thereto and those who have notice thereof."

The term "instrument," in its broad sense, includes formal or legal documents in writing, including contracts, deeds, wills, bonds, leases, mortgages, etc.

In the law of evidence it has a still wider meaning and includes not merely documents, but witnesses and things animate or inanimate which may be presented for inspection. (1 Wharton on Evidence, sec. 615; Black's Law Dictionary, title Instrument.) It is a familiar rule, however, that in construing a statute words used therein and their meaning are to be construed with reference to the subject matter embraced in such statute. Chapter IV of the Civil Code, in which section 1217 occurs, relates to the recording transfers of real property, what may be recorded, mode of recording, proof and acknowledgment of instruments, and effect of recording, or the want thereof. The first section of the chapter (Civ. Code, sec. 1158) provides that "Any instrument or judgment affecting the title to or possession of real property may be recorded under this chapter."

The entire chapter deals with real property and the recording of instruments relating thereto. It follows that section 1217, the last section in the chapter, must be held to relate to the same subject matter.

This intention is made more manifest by section 1164 of the same chapter, which provides that: "Transfers of property in trust for the benefit of creditors, and transfers or liens on property by way of mortgage, are required to be recorded in the cases specified in the titles on the special relation of debtor and creditor, and the chapter on mortgages respectively."

This last section tends to show the understanding and intent of the lawmakers to relegate the manner of recording in the specified cases to the several statutes pointed out and which provide therefor.

Turning to the chapter on mortgages and we find that

as to chattel mortgages, or mortgages on personal property, the method of their execution is provided as well as the effect of nonrecordation, differing essentially from cases of mortgages on real property.

Section 2957 is as follows: "A mortgage of personal property is void as against creditors of the mortgagor and subsequent purchasers and encumbrancers of the property in good faith and for value, unless: 1. It is accompanied by the affidavit of all the parties thereto, that it is made in good faith and without any design to hinder, delay, or defraud creditors; 2. It is acknowledged or proved, certified and recorded in like manner as grants of real property."

It will be perceived that under the section quoted the mortgage, unless it is *recorded*, "is void as against the creditors of the mortgagor and subsequent purchasers and encumbrancers of the property in good faith and for value." The defendant was a creditor of the mortgagor. In order for the mortgage to be void against subsequent purchasers and encumbrancers it is requisite that they be such in *good faith*, that is to say, with an honest intention to abstain from taking any unconscientious advantage of another, together with an absence of all information or belief of facts which would render the transaction unconscientious. The terms *good faith* and *bona fide* purchasers are borrowed from equity jurisprudence, and it is said must be interpreted accordingly. ( *Wells* v. *Smith*, 2 Utah, 52; *Alden* v. *Trubee*, 44 Conn. 459; *De Mott* v. *Starkey*, 3 Barb. Ch. 406; *Spicer* v. *Waters*, 65 Barb. 231.)

The foregoing remarks apply to chattel mortgages under the statutes and where no delivery of possession of the property mortgaged to the mortgagee has been made.

The contention of appellant is that the term *creditors*, as used in the statute quoted *supra*, is modified by the terms, *in good faith and for value*, equally with the words *subsequent purchasers and encumbrancers*.

In other words, the position of appellant is that cred-
CVIII. CAL.—17

itors, like mortgagees and subsequent purchasers, must be such in good faith, and that there can be no good faith in such a case where the creditor as here has actual notice. Chattel mortgages in this state, which are not recorded, are absolutely void except in the cases provided for in the statute. Recording the instrument takes the place of the delivery of possession of the mortgaged chattels. (*Berson* v. *Nunan,* 63 Cal. 550.) Their validity depends as much upon their proper acknowledgment and registration as upon their execution and delivery. Under the law of this state as it formerly existed such mortgages, unless recorded, were void as to all the world except the parties thereto. Now they are valid as to all the world except the two enumerated classes, viz., creditors, and subsequent purchasers and encumbrancers of the property in good faith and for value. The term *creditor* signifies " a person to whom a debt is owing by another person called the debtor." (Black's Law Dictionary.)

In the general and extensive sense of the term he is a creditor who has a right by law to demand and recover of another a sum of money on any account whatever. (*Stanley* v. *Ogden,* 2 Root, 261.)

The term good faith, as applied to a purchaser, *ex vi termini,* means one who purchases without notice and for value. (Black's Law Dictionary.)

This term has no natural application to a creditor who is of necessity such for value; and without value, either express or implied, he is not a creditor. No sufficient reason is discerned for supposing that the lawmakers intended to modify the term *creditor* by the language naturally applying to subsequent purchasers and encumbrancers.

The term *creditors* is general, and applies to creditors existing prior to the mortgage, as well as subsequent. A prior creditor could not have had notice, at the time of advancing his money or other value to a debtor, of a mortgage which did not then exist, and as against him the equities which may be invoked against a subse-

quent purchaser or encumbrancer with notice and for value have no existence.

*Non constat,* but that the creditor may have trusted his debtor upon the faith of the property sought to be mortgaged.

This is not urged as a reason as against the statute if it has in fact included the creditor, but rather as a solution in his favor, where the most that can be said is that a doubt is created by the language used. The adjudicated cases in the several states seem at first glance to involve a marked difference of opinion on the subject; but, upon more careful examination, it is believed the divergence is mainly attributable to the different wording of the statutes of the several states, and in those jurisdictions where their statutes are precisely or practically similar to our own we find it usually held that an unrecorded mortgage is void as against a creditor of the mortgagor, although he have actual notice. Thus, in New York, where the statute provides that, upon failure to record, the mortgage " is void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith," it is held that, as against creditors of the mortgagor with notice, the mortgage is void. (*Farmers' Loan etc. Co.* v. *Hendrickson,* 25 Barb. 484; *Stevens* v. *Buffalo etc. R. R. Co.,* 31 Barb. 590; *Karst* v. *Gane,* 136 N. Y. 316.)

In South Dakota, with a statute almost identical with our own, the supreme court, in *Kimball* v. *Kirby,* 4 S. Dak. 152, held that the lien of an execution takes precedence of an unrecorded chattel mortgage, irrespective of whether or not the judgment creditor had actual notice of the unrecorded chattel mortgage. New Jersey, Texas, Nebraska, and Ohio, with similar statutes, have held similarly. (*Williamson* v. *New Jersey etc. R. R. Co.,* 29 N. J. Eq. 336; *Sayre* v. *Hewes,* 32 N. J. Eq. 656; *Brothers* v. *Mundell,* 60 Tex. 246; *Earle* v. *Burch,* 21 Neb. 702; *Cooper* v *Koppes,* 45 Ohio St. 625.)

In Iowa the language of the statute is: "No . . . . mortgage of personal property . . . . is valid against

existing creditors or subsequent purchasers without notice, unless," etc.

And the supreme court of that state held in *Allen* v. *McCalla*, 25 Iowa, 464, 96 Am. Dec. 56, that a mortgage of personal property duly executed though not recorded, etc., was valid as against existing creditors with notice of the mortgage. In this last case the court, in alluding to the different construction given to the statutes of Ohio, New York, Massachusetts, and other states, said this difference "grows out of the different, not to say peculiar, language of the statutes of those states."

Jones, in his work on Chattel Mortgages, at section 318, uses the following language:

"Under the statutes of some states notice of a mortgage not filed does not affect creditors, but does affect subsequent purchasers and mortgagees. Good faith is not required of creditors in order to enable them to avoid such a mortgage.

"This distinction is founded upon the terms of the statutes. Thus in New York the statute declares that such a mortgage is 'void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith.'

"Subsequent purchasers and mortgagees are not protected unless they take their conveyance in good faith, and they cannot take them in good faith if they have actual knowledge of the existence of an antecedent mortgage.

"But as against creditors such a mortgage is declared void without qualification. And, therefore, mere knowledge on the part of a creditor that his debtor has executed a mortgage which has not been duly filed does not preclude him from availing himself of the objection that it is for this reason void. . . . .

"The statute of New Jersey makes a similar distinction between creditors and subsequent purchasers and mortgagees. Such is also the law of Ohio and Texas."

California and several other states may be mentioned as having statutes similar in structure with those men-

tioned. We are in accord with the rulings of other states having like statutes, in holding as we do that our statute has created two classes of persons, of which *creditors* are one and *bona fide purchasers and encumbrancers* the other, and that the expression "in good faith and for value" modifies the latter and not the former. It follows that the actual knowledge on the part of the defendant of the existence of the unrecorded mortgage of the plaintiff did not as against said defendant validate the mortgage or prevent the priority of his attachment lien.

The judgment and order appealed from should be affirmed.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Henshaw, J., McFarland, J., Temple, J.