LIGHT v. FISCHER et al.　(No. 5788.)

(Supreme Court, Appellate Division, First Department.　May 15, 1914.)

FRAUDULENT CONVEYANCES (§ 215*)—GROUNDS OF INVALIDITY—FRAUD.

　　Where a restaurant keeper, against whom an action for damages for personal injuries to an employé was pending, conveyed all his real estate to his wife for the express consideration of $1 and other valuable consideration, and all his personal property to a corporation of which he owned practically all the stock, and no substantial consideration was shown for either conveyance, the conveyances were clearly a fraud upon the rights of the employé.

　　[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 641, 642; Dec. Dig. § 215.*]

Appeal from Special Term, New York County.

Action by Fannie Light against Louis Fischer and others. From an order denying a motion for an injunction pendente lite, and the appointment of a receiver, the plaintiff appeals. Reversed, and motion granted as to the injunction pendente lite.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Morris J. Hirsch, of New York City, for appellant.
Henry A. Friedman, of New York City, for respondents.

SCOTT, J. This is an action by a judgment creditor of the defendant Louis Fischer to set aside certain transfers made by him, as it is alleged, for the purpose of defrauding plaintiff and preventing the collection of her judgment. There is no substantial dispute as to the essential facts, although the parties are not agreed as to the inferences to be drawn therefrom.

Prior to January, 1913, Louis Fischer carried on a restaurant at Fifty-Eighth street and Eighth avenue in the city of New York, using in connection therewith a house and lot which he owned, known as No. 304 West 58th street. On June 6, 1912, plaintiff was very seriously injured through the negligence of an employé of said Fischer, and in August, 1912, began an action to recover damages therefor. Fischer was insured against liabilities of this character, and intrusted the defense of the action to the company by which he was insured. He did, however, verify the answer on January 9, 1913, and unquestionably knew of the pendency of the action. The cause came on for trial on January 5, 1914, and no question was made as to Fischer's liability; the only question litigated being as to the amount of damages, which the jury fixed at $15,000. Judgment was entered and exe-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cution issued and returned unsatisfied, notwithstanding the fact that in January, 1912, Fischer had stated to a mercantile agency that he was worth the sum of $172,929.78, including among his assets the real estate above mentioned, and the personal property appurtenant to and used in his business of restaurant keeping. This descent from affluence to execution-proof poverty is explained by Fischer's actions after plaintiff had sued him. On January 18, 1913, Fischer conveyed to his wife, the defendant Emma R. Fischer, the real estate above mentioned for the expressed consideration of "one dollar and other valuable consideration." On the same day that this lease was recorded, Emma R. Fischer executed a lease of the premises to "Reisenweber's, Inc.," at an annual rental of $5,000. What consideration Emma R. Fischer gave for the real estate conveyed to her, beyond the $1 recited in the deed, does not appear. Defendants assert that she received substantial consideration, but they significantly refrain from stating what the consideration was. "Reisenweber's, Inc.," was a corporation organized January 13, 1913, to carry on the business formerly carried on by Louis Fischer. The incorporators were Louis Fischer, his brother Julius Fischer and an employé named John Wagener. Of the 2,000 shares of capitol stock, 1,996 were allotted to Louis Fischer, and two shares each to Julius Fischer and John Wagener. To this corporation Louis Fischer transferred the restaurant business theretofore conducted by him, together with the personal property used in connection therewith.

A case is seldom presented in which it more evidently appears that a man has deliberately put his property out of his hands to avoid the claims of a creditor. There are present all the indicia which are usually considered to furnish proof of fraud. See Littmann v. Harris, 148 App. Div. 31, 131 N. Y. Supp. 1006. The transfers were made while an action was pending against Fischer to which he evidently had no available defense, since none was offered at the trial. The transfer apparently stripped Fischer of all of his available assets, and made him proof against execution. The transfer of the real estate was made to his wife, and of the personal property to a corporation of which he owned practically all the stock, and no substantial consideration is shown for either transfer. Under the circumstances disclosed by the affidavits it seems quite probable that plaintiff will recover judgment, and she should be protected against the probability of such a judgment proving to be as difficult of enforcement as Fischer has succeeded in making the judgment already obtained. We do not think, however, that a receiver should be appointed in advance of the trial. It will be sufficient if the status quo be preserved, and this can be done by granting an injunction pendente lite, restraining the defendants from transferring, disposing of, or incumbering the real and personal property transferred by him to his wife and to "Reisenweber's, Inc.," with the purpose, as it is alleged, of defrauding plaintiff.

The order appealed from will therefore be reversed, with $10 costs and disbursements, and the motion granted to the extent indicated.

DOWLING and HOTCHKISS, JJ., concur. INGRAHAM, P. J., and CLARKE, J., concur in result.