BENTLEY v. YOUNG et al.

(Circuit Court of Appeals, Second Circuit. April 13, 1915.)

No. 185.

BANKRUPTCY ⟨⟩⟩303—FRAUDULENT SALE BY BANKRUPT—SUIT BY TRUSTEE.

    A finding by the trial court that a sale by a bankrupt, when insolvent, of his retail stock of boots and shoes in bulk, was fraudulent and voidable at suit of the trustee, *held* sustained by the evidence under the law of New York, which provides that such a sale in bulk shall be presumed fraudulent unless the purchaser makes full inquiry of the seller as to his creditors and gives at least five days' notice to each.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 458–462; Dec. Dig. ⟨⟩⟩303.]

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here on appeal from a decree of the District Court, Southern District of New York, setting aside a sale of the entire stock of Israel Kruger, bankrupt, as null and void as against creditors, and adjudging defendants to pay $2,500 to the trustee as the value of the goods thus disposed of. The opinion of the District Judge will be found in 210 Fed. 202.

M. Mackenzie and Hastings & Gleason, all of New York City, for appellants.

Lesser Bros., of New York City (W. Lesser, of New York City, of counsel), for appellee.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

PER CURIAM. Judge Learned Hand has stated the facts very fully in his opinion, and it will not be necessary to repeat them here. Kruger, who was in failing circumstances, sold his entire stock—he was conducting a retail shoe store—to Henry Young and absconded shortly afterwards. The purchase was made with money advanced to Henry Young by his father, John Young, an auctioneer, to whose place of business the goods were sent, and who sold them at auction. That the sale, so far as the bankrupt is concerned, was fraudulent is undisputed. The sole question is as to the good faith of defendants.

The offer of Kruger's entire stock at a lump sum was a circumstance to put Henry Young upon inquiry. Moreover, the Personal Property Law of New York in force at that time declared that such a transfer in bulk shall be presumed fraudulent as against creditors of the transferror, unless the proposed transferee shall at least five days before the transfer, in good faith, make full and explicit inquiry of the transferror as to each and all of transferror's creditors, and unless the transferee shall give notice by mail to each of the creditors of whom such transferee has knowledge or can with the exercise of ordinary diligence acquire knowledge. Henry Young took the stand and undertook to satisfy the trial court that he had acted with reasonable diligence and entire good faith. He failed to convince Judge Hand, who

⟨⟩⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

had the advantage of seeing and hearing him, which is not surprising, as his testimony even in cold type is unpersuasive. He said that he asked Kruger if he had any creditors, to whom the latter replied that there was only one, for $200, whom he paid in Young's presence; also that he examined some of the paid bills which Kruger showed him, and, finding them receipted, supposed he could take the word of the bankrupt for the rest. On the trial two years after the event he gave the names of a number of wholesalers whose bills Kruger had shown; but when he was examined before the commissioner, two or three days only after the event he failed to remember any of the names.

The evidence is not so strong as to John Young's connection with the fraud; but there are many circumstances indicating that although he did not, like Henry Young, negotiate the sale, which was effected with money he advanced, he was informed as to its circumstances, and adopted it for his own benefit. The District Judge expressly states that his bearing on the witness stand did not impress the court with the value of his testimony. The questions presented are wholly questions of fact, and there is nothing in the record which should induce us to reverse the findings of the trial court, which saw and heard the witnesses.

Decree affirmed, with costs.