PHILIP J. TERMINI, as Trustee in Bankruptcy of WILLIAM HUTH, Appellant, v. WILLIAM HUTH and Others, Respondents.

Second Department, March 12, 1920.

Appeal — practice — failure to file exception to nonsuit — fraud — suit to set aside conveyance of realty made without consideration — fact that action for negligence was pending raises no presumption of fraud — suit by trustee in bankruptcy of grantor.

Although an appellant did not file a formal exception to a nonsuit in an action to set aside conveyances of real estate as fraudulent, the omission was not jurisdictional, but involved merely a matter of procedure, and the appellate court can permit an exception to be filed and determine the cause upon the merits.

A conveyance of real estate for a nominal consideration cannot be held to be fraudulent merely because at the time of the conveyance an action for death caused by negligence had been begun against the grantor, there being no proof of actual fraud or of the grantor's insolvency at that time.

To raise any presumption of fraud there must be existing creditors at the time a conveyance without a valuable consideration is made.

Such suit cannot be maintained by a trustee in bankruptcy of the grantor, the action for negligence having been begun over two years before the adjudication in bankruptcy, but, *it seems*, a different rule may apply in actions of contract, since the plaintiff may have been a creditor under the bankruptcy statute.

APPEAL by the plaintiff, Philip J. Termini, as trustee, etc., from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 13th day of July, 1917, upon the decision of the court rendered after a trial at the Kings County Special Term dismissing the complaint at the close of the plaintiff's case.

Plaintiff sought to set aside as fraudulent two conveyances of real estate executed by the bankrupt on October 4, 1913.

On August 5, 1913, Edward C. Schlueter, as administrator of the goods of Frank Schlueter, deceased, had begun an action against William Huth for negligently causing Frank Schlueter's death. On October 4, 1913, William Huth and wife made both conveyances (for one dollar and other valuable considerations) of the properties here involved. On February 24, 1915, Schlueter recovered a judgment against Huth for $1,230 in his action for damages. On August 27, 1915, Huth filed a petition in bankruptcy, in which proceedings the plaintiff was appointed trustee in bankruptcy, and duly qualified as such.

This suit in equity was upon the ground that such conveyances were executed to defraud creditors, and in particular to defraud said Schlueter as such administrator. The complaint also charged that said Huth was insolvent when said conveyances were made. But there was no proof of insolvency. The case was submitted upon such documentary evidence alone. At the close of the case plaintiff was nonsuited.

*Edward A. Kenney* [*Charles E. Casey* with him on the brief], for the appellant.

*Ralph G. Barclay* [*Robert Stewart* and *Robert M. Johnston* with him on the brief], for the respondents.

PUTNAM, J.:

Although the appellant did not file a formal exception to the nonsuit (Code Civ. Proc. § 994) this was not jurisdictional, but simply a matter of procedure (*People* v. *Journal Co.*, 213 N. Y. 1), so that this court can permit an exception to be filed. Therefore, we treat the appeal on the merits. The determination of the burden of proof must be decisive.

Could the trustee prevail here merely on producing these conveyances, apparently not founded on a valuable consideration? The Real Property Law, section 265, declares: " A conveyance or charge shall not be adjudged fraudulent as against creditors, purchasers or incumbrancers, solely on the ground that it was not founded on a valuable consideration." To raise any presumption of fraud there must be existing creditors at the time of the conveyance. (*Kerker* v. *Levy*, 206 N. Y. 109.)

A trustee in bankruptcy, suing as such, cannot prevail in such a suit merely because a solvent person made voluntary conveyances, when the nearest approach to a creditor is the showing that a plaintiff had begun, or was about to bring, an action of tort. (*Beers* v. *Hanlin*, 99 Fed. Rep. 695.) This is the only circumstance relied on here, namely, that an action for negligence had been begun about two months before the first of these conveyances, and over *two years* before this adjudication in bankruptcy. (See *Smith* v. *Reid*, 134 N. Y. 568.)

There is a different rule in actions of contract, since such a plaintiff may be a " creditor," under the bankruptcy statute. (*Matter of Berkeley*, 203 Fed. Rep. 7, 10; 30 U. S. Stat. at Large, 544, chap. 541, as amd.) As there was no proof of insolvency, and no evidence to support any inference of fraud towards any existing creditor, the court rightly dismissed the complaint.

Hence the judgment should be affirmed, with costs.

Present — RICH, PUTNAM, BLACKMAR, KELLY and JAYCOX, JJ.

Judgment unanimously affirmed, with costs.