## MARCUS v. KANE et ux.

Circuit Court of Appeals, Second Circuit.
April 4, 1927.

No. 186.

1. **Fraudulent conveyances ☞1½—Validity of conveyance of realty is determined by law of state where it lies.**

Whether conveyance of realty may be set aside as fraudulent against judgment creditor must be established by law of state where property is located.

2. **Fraudulent conveyances ☞215—Voluntary conveyance of realty after causing personal injuries, but before recovery of judgment therefor, held fraudulent and void as against judgment "creditor" (Real Property Law N. Y. § 263; Debtor and Creditor Law N. Y. §§ 270, 273, as amended by Laws 1925, c. 254).**

Under Real Property Law N. Y. (Consol. Laws, c. 50) § 263, judgment debtor's conveyance of realty to his wife before plaintiff's recovery against him of judgment for personal injuries, but after injuries were sustained, *held* fraudulent and void as against judgment creditor, in view of Debtor and Creditor Law N. Y. (Consol Laws, c. 12) §§ 270, 273, as amended by Laws 1925, c. 254, plaintiff being a "creditor," within statute, from date of injury, and judgment relating back to date when original cause of action accrued; "creditor," within statute, including any one whose demand is contingent as well as certain, and who has right to recover money of another on any account, including tort as well as contract claims.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Creditor.]

3. **Fraudulent conveyances ☞74(3)—Voluntary conveyance of realty is presumptively fraudulent against creditors, and creditor attacking transfer need not prove fraudulent intent (Real Property Law N. Y. § 263).**

Under Real Property Law N. Y. (Consol. Laws, c. 50), § 263, voluntary transfer of realty without consideration by debtor is presumptively fraudulent, and in absence of proof that transfer is bona fide, and not made with intent to hinder and delay creditors, it is not necessary for creditor, attacking transfer, to show that grantor or grantee had fraudulent intent.

Appeal from the District Court of the United States for the Eastern District of New York.

Suit by Samuel M. Marcus, as receiver appointed in proceedings supplementary to execution on judgment recovered by John Borger, against James J. Kane and wife, to set aside transfer of real property. Decree for defendants, and plaintiff appeals. Reversed.

Cohen, Cole & Weiss, of New York City (Harry J. Leffert, of New York City, of counsel), for appellant.

Holley & Oxenberg, of New York City (Myle J. Holley, of New York City, of counsel), for appellees.

Before HOUGH, MANTON, and SWAN, Circuit Judges.

MANTON, Circuit Judge. John Borger recovered a judgment in the District Court of the United States against James J. Kane and Emil Kane in the sum of $12,127.25 for personal injuries which he sustained on the 8th of October, 1921. On this day, the appellee James J. Kane and his two sons were the owners of real property in the city of New York. On August 1, 1922, James J. Kane conveyed to his wife, the appellee, Mary Agnes Kane, his real estate or his interest therein. After recovery of the judgment, on August 27, 1925, execution on the judgment was issued to the marshal for the Eastern District of New York where James J. Kane and Emil Kane resided. The execution was returned unsatisfied. Proceedings supplementary to the execution were had, and the present receiver was appointed in such proceeding. He sues to set aside the transfer, contending that it was made with the intent to hinder, delay, and defraud his creditor, Borger, who has a lawful claim for damages and was a creditor at the time of the transfer. The delay in Borger's obtaining a judgment was due to the condition of the court calendars and his inability to be reached for trial before August 27, 1925.

[1] The property being situated in the state of New York, whether or not it may be set aside as fraudulent as against this creditor must be determined by the rule of law applicable thereto as established in the state of New York. Castellano v. Osborne (C. C. A.) 16 F.(2d) 187. At the trial, certain admissions of the allegations of the complaint were made and judgment was rendered without further testimony. The transfer by Kane to his wife without consideration was admitted; also it was not denied that judgment was obtained by Borger as referred to, and, further, that appellee, in addition to the transfers to his wife, transferred other properties to James J. Kane & Sons, Shipwrights, Inc. It was admitted that the execution of the marshal was returned unsatisfied, and therefore it was established that the judgment could not be collected as against any property which appellee held at the time the execution against property was issued.

Section 263 of the New York Real Property Law (Consol. Laws, c. 50), effective on the date of transfer, provides:

"A conveyance or assignment in writing or otherwise, of an estate, interest, or existing trust in real property, or the rents or profits issuing therefrom, or a charge on real property, or on the rents or profits thereof, made with the intent to hinder, delay or defraud creditors, or other persons of their lawful suits, damages, forfeitures, debts or demands, or a bond or other evidence of debt given, suit commenced, or decree or judgment suffered, with the like intent, is void as against every person so hindered, delayed or defrauded."

[2] The question is presented whether Borger, at the time of this transfer, may be deemed a creditor within the statute who has been hindered, delayed, and defrauded. The learned court below found that the transfer was without consideration and therefore presumptively fraudulent (Ga Nun v. Palmer, 216 N. Y. 603, 111 N. E. 223; Carstairs v. Spear, 201 App. Div. 418, 194 N. Y. S. 134), but held that, since Borger was a plaintiff in a tort action at the time of the transfer and since he had not reduced his claim to judgment, he was not a creditor within the rule of law obtaining in New York state. We held that a transfer similarly made to a wife, previous to judgment, was fraudulent as against a contract obligation. Castellano v. Osborne, supra. We think Borger was a creditor within the terms of the statute from the day of his injury. "Creditor," as used in the statutes against fraudulent conveyances, which authorize any creditor of the grantor to maintain a suit to set the same aside, means one having a contingent liability as well as one whose claim is certain and absolute. When colloquially expressed, a creditor may be considered one to whom money is due, but, in the more extensive sense of the term, a creditor is one who has a right to recover money of another on any account whatever. Guaranty Trust Co. v. Galveston City R. Co. (C. C. A.) 107 F. 311. One who has a right by law to demand either presently or at some future contingency the fulfillment of any obligation or contract, or one who has a legal right to damages capable of enforcement by judicial process, is a creditor. Bishop v. Redmond, 83 Ind. 157; Keith v. Hiner, 63 Ark. 244, 38 S. W. 13; Cardenas v. Miller, 108 Cal. 250, 39 P. 783, 41 P. 472, 49 Am. St. Rep. 84; Walsh v. Miller, 51 Ohio St. 462, 38 N. E. 381. The word is susceptible of latitudinous construction. So a claim entered for just compensation as damages for injury makes the claimant a creditor. The Appellate Division of the Supreme Court of the state of New York held in Light v. Fisch-er, 162 App. Div. 483, 147 N. Y. S. 683, that a plaintiff who suffered personal injuries prior to the transfer and who subsequently obtained a judgment might successfully set aside a transfer made without a valuable consideration as a hinderance and delay and fraud against him. In Meyer v. Mayo, 196 App. Div. 78, 187 N. Y. S. 346, a transfer made in fraud of one who held a claim for injuries done her for a tortious act was set aside where the transfer was made after the obligation arose and before judgment. When the judgment is obtained, it relates back and establishes the date as of the time when the original cause of action accrued. Washington Nat. Bank v. Beatty, 77 N. J. Eq. 252, 76 A. 442, 140 Am. St. Rep. 555. Section 263 of the statute does not distinguish between tort and contract creditors. Nor may a distinction be drawn between one who has a claim sounding in tort and one who has a claim in contract, where the damages are unliquidated. In each case the debtor has been such since the date the obligation arose.

[3] It was sufficient for the plaintiff to establish the voluntary transfer, without consideration, by a person who is indebted at the time, and such transfer is presumptively fraudulent. Stephenson v. Naumann (Sup.) 195 N. Y. S. 768. In the absence of proof by the appellee that the transfer was bona fide and not made with intent to hinder and delay, it was sufficient for the appellant to rest upon the presumption of fraudulent transfer. It was not necessary for the appellant, attacking the conveyance, to show that the grantee had a fraudulent intent or know that the grantor had such intent. Wait on Fraudulent Conveyances (3d Ed.) 200; Stephenson v. Naumann, supra.

We are referred to Beers v. Hanlin (D. C.) 99 F. 695, Termini v. Huth, 191 App. Div. 218, 181 N. Y. S. 224, and In re Zerbersky, Becker v. Frankel (D. C.) 287 F. 601. The Beers Case was in the District Court, and the question presented was the construction of the word "creditor" under the Bankruptcy Act (Comp. St. §§ 9585–9656). Item 9, § 1, of the Act of 1898 (Comp. St. § 9585), defining the word "creditor," says:

"Creditor shall include any one who owns a demand or claim provable in bankruptcy, and may include his duly authorized agent, attorney, or proxy."

The District Judge there correctly pointed out that an unliquidated claim arising out of a tort is not provable in bankruptcy and must be reduced to judgment, or, "pursuant to application to the court, be liquidated in

such manner as the court shall direct, in order to be proved against a bankrupt's estate." In the Termini Case, an action was brought to set aside the transfer of property by the trustee in bankruptcy. The opinion pointed out that the trustee represented the bankrupt's creditors, that a tort creditor prior to the entry of judgment is not one who may prove his claim in bankruptcy under the act, and said that a different rule should not obtain in actions of contract where the creditor may prove his claim under the bankruptcy statute. In the Zerbersky Case, the District Court in the Eastern District of New York dealt with the definition of the word "creditor" in the bankruptcy statute. It is not applicable here.

On April 1, 1925, the amendment to the Debtor and Creditor Law of New York (Consol. Laws, c. 12) became effective (Laws 1925, c. 254). There, by section 270, a creditor is defined as a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed, or contingent, and section 273, in referring to transfers of property in fraud of creditors, says:

"Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

While this statute was not effective on the date of the conveyance by the appellee to his wife, it is to be observed that there was no intent either in this more recent statute, or in the previous statute, to distinguish between contract and tort creditors.

The transfer by the appellee of all his property after the date of the infliction of the injuries on the plaintiff for which he has been found to have a good and substantial right of action by the judgment entered thereafter, was without consideration and unquestionably to hinder and delay his creditor. It would be a reflection on the law if a court of equity could not reach out in its equitable powers and restrain this fraud perpetrated to avoid the payment of a debt found to be just and owing to this creditor. In the absence of a distinction drawn by statutory enactment, a contract creditor under the circumstances could not be deemed to be in a more favorable position than one having a just claim in a tort action.

Decree reversed, with costs.

HOUGH, Circuit Judge, concurred in the result, but, owing to his absence, has not read this opinion.