## MACLEOD v. MILLER et al.

District Court, S. D. New York.
Nov. 25, 1938.

Jacob Meadow, of New York City, for plaintiff.

Louis M. Weber, of New York City, for defendant.

MANDELBAUM, District Judge.

The motion for a bill of particulars is denied in its entirety. In an action by a trustee in bankruptcy, pursuant to Section 67e of the Bankruptcy Act, 11 U.S.C.A. § 107(e), to set aside a fraudulent transfer, it is not incumbent upon him as part of his cause of action to prove knowledge on the part of the transferee of the bankrupt's intent to hinder, delay or defraud creditors. Such intent need not be shared by the transferee. Good faith on the part of the transferee is an affirmative defense to be proved by the transferee. Hines Western Pine Co. v. First National Bank, 7 Cir., 61 F.2d 503; Bentley v. Young, D.C., 210 F. 202; affirmed, 2 Cir., 223 F. 536. The allegations of the complaint with respect to which the transferee is seeking information by way of a bill of particulars is merely surplusage and is not part of the cause of action.