## MACLEOD et al. v. COHEN-ERICHS CORPORATION.

District Court, S. D. New York.
April 27, 1939.

Jacob Meadow and Mordecai M. Richter, both of New York City (Max Bergman, of New York City, of counsel), for trustees.

Krause, Hirsch & Levin, of New York City (George C. Levin, of New York City, of counsel), for defendant.

**HULBERT, District Judge.**

Plaintiffs bring this action jointly, each being a trustee in bankruptcy, of a separate estate, to set aside transfers and payments of money to defendant as fraudulent and preferential.

Defendant has answered and set up certain affirmative matters pursuant to Rule 12(b), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, and (3) failure to state a claim upon which relief can be granted.

Plaintiffs apply in accordance with Rule 12(d) for the present disposition thereof.

The answer also pleads a misjoinder of plaintiffs which is not a ground for dismissal and, therefore, not a defense (Rule 21).

The complaint alleges as to both actions that Meiselman, the individual, and Meiselman, Inc., were adjudicated bankrupts on April 9, 1938, and April 12, 1938, respectively. That within four months prior to his adjudication, Meiselman transferred approximately $100,000 of his assets in a series of about 70 separate transactions to, and Meiselman, Inc., mingled same with its own funds and in turn, within such period, transferred to the defendant $49,493.-10 in a series of about 42 separate transactions made under a common scheme and design by both bankrupts.

It is contended by plaintiffs that of the monies so transferred to the defendant in excess of the amount of its own assets ($21,000) the balance at least ($28,493.10) represents assets received by Meiselman, Inc., from the individual bankrupt, and that the real proportion of the source of such transfers can only be determined by an accounting.

The complaint then undertakes to allege the claims of the respective plaintiffs against the defendant upon seven different theories, or in seven different counts. The first four counts relate to the claims of Macleod, and the remaining three to the claims of Smith. The first count of each plaintiff is based upon the first sentence of Section 67e of the National Bankruptcy Act of 1898, 11 U.S.C.A. § 107(e), and Section 276 of the New York Debtor and Creditor Law, Consol.Laws N.Y. c. 12.

It is alleged by Macleod that the transfers of assets by the individual bankrupt to the corporate bankrupt and by it to the defendant were made with the intent of both bankrupts to hinder, delay and defraud the creditors of the individual bankrupt and remove the assets from his ownership so as to prevent them from satisfying their claims out of his assets.

It is alleged by Smith that the transfers of assets from the corporate bankrupt to the defendant were made with the intent on the part of the corporate bankrupt to hinder, delay and defraud its creditors and to remove the assets from its ownership so as to prevent its creditors from satisfying their claims.

It is true that the complaint does not allege that the defendant participated in the fraudulent intent or was guilty of bad faith and that there was not a present fair consideration for the transfers. But the plaintiff need only plead and prove the fraudulent intent of the transferor; good faith of the transferee and the present fair consideration are matters of defense to be pleaded and proved. My colleague, Judge Mandelbaum has so held in case by Macleod v. Miller & Weisman (E 87–387). Cf. Bentley v. Young, D.C., 210 F. 202, affirmed 2 Cir., 223 F. 536; Bennett v. Rodman & English, D.C., 2 F.Supp. 355, affirmed, 2 Cir., 62 F.2d 1064; Hines Western Pine Co. v. First National Bank, 7 Cir., 61 F.2d 503; Starin v. Kelly, 88 N.Y. 418, 419.

The second count of each plaintiff is based upon the second sentence of Section 67e of the National Bankruptcy Act, 11 U.S.C.A. § 107(e), and Section 273 of the New York statute.

Macleod alleges that the successive transfers to the defendant were made without consideration or without a fair consideration during the period when the individual bankrupt was insolvent, the fair saleable value of his assets being less than his liabilities.

Smith makes similar allegations with respect to the corporate defendant.

The third count of Macleod's is also based upon the second sentence of Section 67e of the National Bankruptcy Act and Section 274 of the New York statute.

Macleod alleges that the successive transfers to the defendant were made during a period when the individual bankrupt was engaged in business for which the property in his hands was an unreasonably small capital.

And the fourth count of Macleod's is likewise based upon Section 67e of the Na-

tional Bankruptcy Act and Section 275 of the New York statute.

Macleod alleges that the successive transfers were made when Meiselman intended to, and did, incur debts beyond his ability to pay as they matured.

The third count of Smith's is based upon Section 60b of the National Bankruptcy Act, 11 U.S.C.A. § 96(b), and Section 15 of the New York Stock Corporation Law, Consol.Laws N.Y. c. 59, both of which make preferential payments void, provided that the payee had knowledge or reasonable cause to believe that he was receiving a preference.

Smith alleges that if all or any part of the $49,493.10 transferred to the defendant was in payment of debts owing to the defendant by the corporate bankrupt, then such transfers were made by it with intent to give the defendant a preference and he had notice or reasonable cause to believe that the transfers were preferential.

It seems unnecessary to further expatiate upon the facts or delineate upon the theories of the plaintiffs. In brief, the defendant is alleged to be a subsequent transferee of the individual and a transferee of the corporate bankrupt through whom assets of Meiselman are alleged to have passed and plaintiffs seek to follow trust funds as fraudulent and preferential payments to the defendant.

■■ The challenge to the jurisdiction of the Court is predicated (1) upon the necessity of defendant's consent to be sued. Defendant relies, inter alia, upon Lundin v. Chubinsky, D.C., 22 F.Supp. 132. That action was based on Section 23b of the Bankruptcy Act, 11 U.S.C.A. § 46(b), which is operative only if defendant consents to jurisdiction and expressly excepts actions for transfers by bankrupts under Sections 60(b), 67(e) and 70(e), 11 U.S.C.A. §§ 96b, 107(e), 110(e), none of which were involved in the Lundin case, while each count of the complaint in both of these actions is based upon one or another of the excepted sections; (2) defendant asserts that no suit may be maintained against it by the Trustee for Meiselman individually until he has established his claim against the Trustee of Meiselman, Inc., and, therefore, action in that respect is premature. I think Bennet v. Murphy, D.C., 1 F.Supp. 129, affirmed, 2 Cir., 64 F.2d 1009, disposes of this contention.

■ Counsel for the defendant argues at length upon the insufficiency of the allegations, being based upon conclusions rather than facts, to state a cause of action.

The requirements of a pleading are substantially set forth in Rules 8(a) (1–3); (e) (1, 2), and 9(b), Federal Rules of Civil Procedure.

Equity Rule 25, 28 U.S.C.A. following section 723, required: "A short and simple statement of the ultimate facts upon which plaintiff asks relief, omitting any mere statement of evidence."

In speaking of the change effected by the new Rules, Moore says in his Federal Practice, Vol. 1, page 553: "The federal courts are not hampered by the morass of decisions as to whether a particular allegation is one of fact, evidence, or law."

Judged by these standards, the complaint appears to be sufficiently definite to give fair notice to the defendant, and the motions are granted in all respects. Settle order.